## LEANDER F. NICKEY and WARREN S. RANDALL, Appellants,. v. C. H. LEADER.

### Division One, June 1, 1911.

1. **LOST BILL OF EXCEPTIONS: Supply.** Where the original bill of exceptions was filed the record was complete; and if after it was lost, and a copy, to supply the record, was filed, the supply copy relates back to the filing of the original and stands as and for the original.

2. **——: ——: Prior and Additional Abstract.** Appellant takes chances in printing an abstract. of a bill of exceptions where there is no such bill on file in the trial court; but where the bill of exceptions after being filed was lost, and thereafter appellant printed and filed his abstract from a copy, an additional abstract showing such matters and showing that he supplied the record by filing a copy of the bill, and which otherwise accords with the facts, should be received and considered by the appellate court.

3. **ABSTRACT: Supplementary.** A supplementary or amended abstract will not be permitted after the sufficiency of the original abstract has been challenged by respondent's brief, if the original is so defective as to authorize a dismissal of the appeal.

4. **——: No Showing of Filing of Appeal.** An abstract is not defective because it fails to recite that the case has been filed or docketed in the appellate court.

5. **——: Appeal at Judgment Term: Judicial Notice.** The Supreme Court takes judicial notice of the beginning of a term of circuit court, fixed by the statute to begin on a certain day; and where the record recites that the motion for a new trial was filed on a. certain day "by leave of court," it will be held the court was in session on said day and that it was not in vacation; and it will also be presumed, where the record shows the court acted upon a day after the legal beginning of one regular term and before the legal beginning of another regular term, that the court was then in the regular or adjourned session of the term first named, and when a court once meets any adjournment to a later day makes such later day a part of the same term. Therefore, where the abstract recites that judgment was rendered on April 18th, that a motion for new trial was filed on April 20th "by leave of court," that the motion was overruled on April 24th, and that on April 25th, ap-

pellant filed his affidavit and bond for an appeal, it will be held that the affidavit and application for an appeal was filed during the term of the judgment.

6. ———: All the Evidence: Questions and Answers. In no case is the evidence required to be set out by questions and answers in the abstract, unless they are necessary to an understanding of the evidence. It may be set forth in narrative form. And in a law case it is not necessary to set out all the evidence unless a demurrer thereto is filed, but only so much of the evidence as is sufficient for the court to ascertain and determine the points for consideration. And in no law case will the appeal be dismissed because all the evidence was not set forth; for if it is not fairly preserved, the respondent has the right to file an additional abstract, and if the court finds such additional abstract necessary, it will tax the costs thereof against appellant.

7. LIMITATIONS: Against Cotenant. Although a deed may in law create a cotenancy, yet if one of the cotenants is in actual possession, claiming the title against the others and the world, the ten-year Statute of Limitations will vest him with the title; but the testimony as to adverse possession of one cotenant as against the others must be clear and pointed. So that where the owner conveyed a tract of ground to plaintiffs, but claimed he did not convey the house and lot parceled out of it sued for, and thereafter rented the house and lot and collected the rents, and conveyed to defendants, who, with his three years' possession, have been in adverse possession for ten years, under claim of exclusive ownership, plaintiffs cannot recover said house and lot, even though the deed to them, properly construed, conveyed an undivided half interest.

8. ———: ———: Findings of Judge. The findings of the judge, sitting as a jury, in a law case, are binding upon the appellate court, the same as a verdict of a jury, if there is substantial evidence, such as the law requires, to support them.

Appeal from Butler Circuit Court.—*Hon. Jesse C. Sheppard*, Judge.

AFFIRMED.

*E. R. Lentz* for appellants.

(1) Plaintiffs chain of title is clear and unbroken from the United States down to plaintiffs for all of the northeast quarter of the southwest quarter of sec-

tion 10 which includes the land in controversy. This is not questioned. (2) The defendant has shown no paper title to the land in controversy. (3) Possession by Marshall of the house and inclosed land, from the time he sold to Randall down to the time he put the Dunnings into possession of the land, was not adverse to his grantee Randall. The testimony all shows that neither knew where the true line was, and neither intended to claim anything beyond the true line. Under such circumstances Marshall's possession was not adverse and the defendant, even though an innocent purchaser, cannot tack to his own possession that of Marshall's. Wood on Lim., p. 581, sec. 271; University v. McCune, 28 Mo. 481; Haux v. Batteen, 68 Mo. 84; Huckshorn v. Harting, 81 Mo. 648; Keen v. Schmedler, 92 Mo. 516; Skinker v. Haagsma, 99 Mo. 208; King v. Evans, 107 Mo. 487; Adkins v. Tomlinson, 121 Mo. 487; McWilliams v. Samuel, 123 Mo. 659; Ernstring v. Glenson, 137 Mo. 597; such occupation will not work disseizin in favor of either. Crawford v. Ahrens, 103 Mo. 88; Finch v. Ullman, 105 Mo. 255. In the absence of evidence of intention to hold adversely it will be presumed that the intention was to hold only to the true line. Hamilton v. West, 63 Mo. 73. (4) Marshall's deed to Randall was for an undivided one half interest in and to the land conveyed. This deed was dated February 23, 1895. The other undivided one half interest in and to the said land remained in Marshall down to September 28, 1898, when he conveyed the same to the plaintiff Nickey. So that from February 23, 1895, to September 28, 1898, Marshall and Randall owned the said land as tenants in common. There is no evidence of any kind showing or tending to show an ouster by Marshall of his co-tenant Randall, nor of any intention on his part to oust his co-tenant. Hence Marshall's possession was Randall's possession and there could be no such thing as an adverse possession by Marshall

as against his co-tenant Randall until there had been an ouster of Randall by Marshall. The possession of one tenant in common is the possession of all. Bernecker v. Miller, 40 Mo. 474; Davis v. Givens, 71 Mo. 94; Warfield v. Lindell, 38 Mo. 561; Sutton v. Casselegi, 5 Mo. 111; Rodney v. McLauglin, 97 Mo. 426; Long v. McDow, 87 Mo. 197; Stevens v. Martin, 168 Mo. 410; Peck v. Lockridge, 97 Mo. 559. There is not a single fact or circumstance in evidence in this case showing or tending to show an ouster by Marshall of his co-tenant Randall.

*Ernest A. Green* for respondent.

(1) The judgment should be affirmed since appellant's abstract of the record is not a compliance with the rules of this court. The abstract proper and the bill of exceptions both wholly fail to show that the motion for a new trial was filed at the same term of court as that at which the judgment was rendered; the abstract proper and the bill of exceptions both also wholly fail to show that the motion for a new trial was filed and overruled in term time; they also fail to further fail to show that the affidavit for an appeal was filed and an appeal was granted during the same term of court as that at which the motion for a new trial was overruled. The abstract further fails to show that the case was ever filed in this court. Sec. 2048, R. S. 1909; Harding v. Bedoll, 202 Mo. 632; Clay v. Pub. Co., 200 Mo. 665; Everett v. Butler, 192 Mo. 564; Harris v. Wilson, 199 Mo. 412; State v. Fawcett, 212 Mo. 729; Stark v. Zehnder, 204 Mo. 442; Hawks v. Hawks, 218 Mo. 670; Cooper W. & B. Co. v. Cornell, 131 Mo. App. 344; Novinger v. Railroad, 131 Mo. App. 337. (2) Even were the abstract of the record a compliance with the rules of this court, yet it is not sufficient for an examination of the ruling of the trial

court on the whole case. Before this court will review the ruling of the trial court on the whole case, the full record must be before the court, including the questions and answers, in order that a complete understanding may be had of the evidence. Sec. 2048, R. S. 1909; Rule 13 of this Court; Nash v. Hydraulic P. B. Co., 109 Mo. App. 600; Moore v. Harmes, 123 Mo. App. 34. (3) The undisputed testimony shows that defendant is entitled to the possession of this house and lot by reason of the ten-year Statute of Limitations, i. e., he and his grantors have been in the actual, open, hostile, notorious, continuous and adverse possession of said premises, claiming title thereto under color of title, against all the world, including these appellants, for more than ten years preceding the institution of this suit. Hendricks v. Musgrove, 183 Mo. 300; Peck v. Lockridge, 97 Mo. 549; Campbell v. Laclede Gas Co., 84 Mo. 374; Hutson v. Hutson, 139 Mo. 235; Dunlap v. Griffith, 146 Mo. 283; Whitaker v. Whitaker, 157 Mo. 353; 13 Am. and Eng. Ency. Law (1 Ed.), 1114; Warfield v. Lindell, 38 Mo. 561; LaPeyre v. Paul, 47 Mo. 586; 1 Cyc. 1074; Oglesby v. Hollister, 9 Am. St. 177; 1 Cyc. 1039.

GRAVES, J.—Plaintiff sues in ejectment for a small tract of land near the city of Poplar Bluff in Butler county, Missouri. The petition is in the usual form. Damages are charged to be $100, and monthly rents and profits are fixed by the petition at $5 per month. The answer is the ten-year Statute of Limitations and a general denial. Reply a general denial.

Points are made as to the sufficiency of the abstract. It will suffice at his point to state that there was a trial before the court without the intervention of a jury and a general finding and judgment for the defendant. From this judgment the plaintiff has appealed. The points as against the sufficiency of appellant's abstract we take first.

I.  There has been tendered an additional abstract of record and with it an application for permission to file.  This application together with the tendered additional abstract was taken with the case, so that the court has reserved the right to pass upon such application and additional abstract at this time.  This additional abstract, so tendered, is dual in character, and both parts thereof deserve attention.  In the first place, there is presented the abstract of a record of the circuit court supplying a lost bill of exceptions; and, secondly, there are presented certain amendments to the abstract of record as first pointed out and filed, which amendments go to matters other than the order supplying the alleged lost bill of exceptions.  We gather that the bill of exceptions in the case had been misplaced or lost, but that a copy thereof was in existence.  Whilst this situation prevailed the printed abstract of the record was prepared.  Respondent filed his additional abstract of record, and in it suggests that there is no bill of exceptions on file in the case, but charges that there is pending and undetermined a motion asking the circuit court to supply the bill of exceptions.  Respondent then suggests certain things in the proposed supply bill of exceptions, which does not appear in the abstract of record.  The motion to supply the bill of exceptions and all the proceedings thereon were taken after the first abstract of record was filed here.

This question is not strongly urged here by the respondent, but we take it that even if were there would be no substance therein.  When the original bill was filed the record of the case was complete.  When the supply bill was filed it related back to the filing of the original and stood as and for the original, and this additional abstract in this regard only supplies a matter not in existence at the time the first was printed.  Of course, counsel take chances in printing an abstract of record without there being on file a bill of

exceptions, but if the supplied bill of exceptions accords with their abstract the parties should be entitled to show such fact. As to this point the additional abstract should be and is received and considered.

The second question is not of such easy solution. Respondent, in his brief filed, challenges the sufficiency of the printed abstract in certain particulars, and by the proposed amendments, these suggestions are met. This we have held cannot be done. In the case of Harding v. Bedoll, 202 Mo. l. c. 637, after reviewing our former cases on the subject of supplemental abstracts, we said: "The foregoing seems to be the rule as to supplemental abstracts of record. To say the least they should not be filed without leave of court and if so filed will not be considered. We will add further that if for any reason the original is so faulty in stating material facts of record as to authorize the sustaining of suggestion to dismiss the appeal or writ of error, no leave should be granted after the opposite party has served his brief or other writing calling attention to the defects. To hold otherwise, would, as Judge GANTT practically says, place a premium upon negligence in the preparation of abstracts."

The amendments offered in this case were tendered to meet the objections in a brief filed by respondent. Upon this question we think the Bedoll case properly states the rule. There is then left for consideration the fact as to whether or not the abstract of record unamended is sufficient, for under the authority of the Bedoll and subsequent as well as prior cases, a supplementary abstract should not be permitted after challenge has been made, where the original is so defective as to authorize the sustaining of a suggestion to dismiss the appeal. We will therefore consider the record as to the supplied bill of exceptions, and then determine the sufficiency of the abstract of record without the proposed amendment.

II. It is urged that the abstract of record failed to show (1) that the motion for new trial was filed at the same term of the court at which the judgment was rendered, (2) that the abstract of record wholly fails to show that the motion for new trial was filed and overruled in term time of the court, (3) that such abstract of record fails to show that affidavit for appeal was filed and appeal granted at the term of the judgment, or at the term when motion for new trial was overruled, and (4) that the abstract fails to show that the case was ever filed in this court.

That the original abstract of record was exceedingly loosely prepared admits of no doubt. In view of all that has been written upon the subject of abstracts of record it is inconceivable how so many questionable abstracts reach this court.

In Harding v. Bedoll, supra, we undertook to outline in general terms what should be shown by the abstract of record. Upon some questions this opinion must be read in the light of what had been previously said upon the questions involved.

(a). In the case at bar it is urged that the abstract of record fails to recite that the case had been docketed in this court. In other words that it failed to state that a short transcript of the judgment and order granting the appeal had been filed in this court. This question was decided adversely to the position of respondent prior to the Bedoll case in State ex rel. v. Smith, 172 Mo. l. c. 458, and has been since so decided against him. [Coleman v. Roberts, 214 Mo. 634; Bank v. Hutton, 224 Mo. l. c. 51; Godfrey v. Godfrey, 228 Mo. l. c. 512; Booth v. Railroad, 217 Mo. l. c. 715; Hanks v. Hanks, 218 Mo. l. c. 676.] In the Booth case, supra, we said: "It is true the letter of the statute applies as well to a short as it does to a long transcript, yet its reason and spirit must be looked to in its application. We have held in two recent cases that when the cause is here in the short form, that is,

a certified copy of the judgment and of the order granting the appeal, we would not dismiss the appeal because, the abstract did not show the order. Pennowfsky v. Coerver, 205 Mo. 136; Coleman v. Roberts, 214 Mo. 634.]''

The more recent cases cited above follow this trend. This question must therefore be ruled against the respondent.

(b) It is also urged that the abstract fails to show an affidavit for appeal was filed and an appeal granted either during the term of the judgment or the term at which the motion was overruled. Upon this point the abstract reads:

''Now on this 18th day of April, 1907, come again the parties hereto by their respective attorneys, and this cause having been heretofore by the court taken under advisement and being now fully advised in the premises, doth announce his findings for the defendant.

''It is therefore considered, adjudged and ordered by the court that the defendant take nothing by their action and that the defendant have and recover of and from the plaintiffs their costs and charges in this behalf expended.

''Now on this 20th day of April, 1907, come the plaintiffs and by leave of court file their motion for a new trial herein.

.''Now on this 24th day of April, 1907, come the parties by their attorneys and plaintiffs' motion for a new trial is by the court taken up and considered, and the court doth overrule the same.

''Now on this 25th day of April, 1907, come the plaintiffs and file their affidavit and bond for appeal which said bond is approved and the appeal is granted to the Supreme Court and plaintiffs are granted ninety days in which to prepare and file bill of exceptions herein.''

The abstract in terms does not charge this to have

been at the April term of the court. It fixes the dates
as in April. The then law of which we must take
judicial cognizance fixed an April term of court for
Butler county. Of the beginning of this April term we
take judicial notice. Of the beginning of the next term
we take judicial notice. We therefore know that be-
tween the beginning of the April term of the court and
the beginning of the next term these entries were made.
It also appears that this motion was filed "by leave
of court" which does not indicate vacation, but indi-
cates that the court was in session. In the next two
orders the record indicates that the court acted, not
the judge thereof in vacation. From the abstract of
record it is apparent that the court was in session, but
whether at the April term thereof or at a called ses-
sion thereof is not shown as a matter of fact. This
becomes important in this case because of the peculiar
recitation in the record. The entries differ from those
in Harding v. Bedoll, 202 Mo. l. c. 631, and from those
in the later case of Milling Co. v. St. Louis, 222 Mo. l.
c. 310.

In the latter case, LAMM, P. J., following the Be-
doll case, said: "It is a marvel that excellent counsel
will not heed the interpretation given of our rules and
warnings judicially iterated and reiterated. We do
not interpret our rules otherwise than equitably. For
an instance, by an implication from data furnished in
the abstract, other data might be added and rounded
by supplying an element omitted. But there is nothing
in this abstract from which we can see that the entries
referred to were made at the judgment term of the
circuit court of St. Charles county, or at any term at
all."

The record in the case at bar more nearly falls
within the views expressed in the more recent case of
Bank v. Hutton, 224 Mo. l. c. 51, whereat we said:
"The same disposition must be made of points a and
b. This because we take judicial notice of the sitting

of the Jackson Circuit Court at terms prescribed by statute—i. e., when its terms commence. The record shows that the motion for a new trial was filed within four days of the judgment. From the date of its filing we judicially know it was not at the next term after judgment. The question then is: Had the court risen for the judgment term until court in course— was it in vacation when the motion was filed? The record affirmatively shows it was not in vacation. We find the following in the abstract of the record proper: 'An entry of an order was made of record on said day *by said court* reciting the filing of said motion for a new trial.' The record proper shows that the motion for a new trial was 'continued' to the April term. The April term, we judicially know, was the next term after the date of the filing of the motion. When the abstract narrated that 'said court' entered an order reciting the filing of the motion and 'continued' the motion, those orders, *ex vi termini,* presuppose the court in session and exclude the idea of vacation. If the court was in session it was bound to be at the judgment term or at the next term, *ergo* (by exclusion) it was the judgment term—*quod erat demonstrandum.*''

The latter portion of this quotation may appear to be broad language, but when the statute and the rulings are considered we think not. When the court once meets then any adjournment to a later day makes such later day a part of the same term. [Fannon v. Plummer, 30 Mo. App. 25.]

The same should be true where the sheriff under order of the judge under section 3869, Revised Statutes 1909, adjourns the term. However the statute, section 3871, Revised Statutes 1909, then speaks of a *special term* of the circuit court, which may be called by the judge thereof ''whenever any person charged with an offense shall be confined in jail two months before the regular term,'' and authorizes the judge un-

der certain conditions to call the court in special session for the trial of such prisoner. This section requires ten days' notice. In this case all action upon the part of the court was taken in less than ten days and this precludes the idea of a special term. Where the record shows that the court acted upon a day after the legal beginning of one regular term and before the legal beginning of another regular term, then it should be presumed that the court was in the regular or adjourned session of the term first named. In either event it would be the same term. If not, the burden should be on the party raising the objection to show from the record that the particular entry was made at a special term as described in section 3871, Revised Statutes 1909, supra. This because a special session is only authorized for the one purpose, and is out of the usual course of court procedure.

We are inclined to the view that when all the cases are considered the abstract can be sustained upon this point. What is here said applies with equal force to the other two objections named above.

III. It is next insisted that the record is deficient in that it does not properly set out all the evidence. This contention seems to be based upon the idea that the questions and answers must be set forth. To start with, in a case at law, it is only necessary to call attention to such matters as bear upon the points urged for reversal, unless a demurrer to the testimony is interposed and that point pressed here. If a demurrer to the testimony is interposed then all of the evidence in the case is necessary for the consideration of that question. In this case we find no such condition. No demurrer was interposed and the case might be considered here upon less than all the testimony. In other words a case might be presented where the sole question was the propriety of giving or refusing certain instructions. In such case it would be sufficient to say

that there was evidence pro and con upon the question involved in the instruction. It is only in equity cases that we require all the evidence, but even in such cases we do not require the questions and answers. If it be stated in narrative form it meets our rule and subserves the ends of justice. Of course in all cases we require questions and answers, if such are necessary to the understanding of the evidence. We require all of the evidence in equity cases, because the hearing in this court is practically a trial *de novo* barring our consideration for the judgment of the chancellor, *nisi*, who faced the witnesses. However, under no circumstances is his judgment absolutely binding upon the conscience of this court. In law cases, excepting the proposition that we must pass upon the sufficiency of the evidence, as challenged by a demurrer thereto, we may consider a case without all of the testimony.

This, however, is adrift in the case at bar. Here, all the evidence is purported to be set forth in narrative form, and if not fairly set forth the opposite party has the right to file an additional abstract. If such additional abstract is found to have been necessary the statute affords a remedy as to costs thereof.

The abstract of the evidence may be scant, but it sufficiently complies with the rule and practice of this court. This objection is therefore overruled.

IV. This brings us to the merits of the case. Going to the merits one proposition will suffice. Under a deed from John B. Marshall to W. S. Randall made in 1895, it is contended by appellant that Marshall deeded to Randall an undivided half interest in the land in question. The description in this deed and the deed itself for that reason is questioned by respondent.

But for the purposes of the point in mind we may, without so deciding, hold that the description was sufficient, yet the judgment *nisi* was right. Be it conceded as contended by appellant that this deed of 1895 so op-

erated as to make Marshall and Randall co-tenants, yet under the facts in evidence the trial court could have rightfully held that the Statute of Limitations had run. The land in question has a house upon it. Marshall claimed that he did not sell the house and lot (the premises in dispute) to Randall. After he made the deed to Randall for the larger tract, by the description of which it is contended the land in dispute was conveyed, it appears that Marshall claimed as his own this property. He rented it and collected the rents. Randall neither asked for nor received any rents for nearly three years. Marshall then sold the disputed house and tract of land to Dunning in 1897, who went into possession and who lived in the house to the date of his death. His widow continued to live there until 1903, when the title passed to respondent Leader. There is no question that the Dunnings and Leader have claimed the property and held it as their own. Their adverse possession is conceded. It is urged, however, that, inasmuch as the deed from Marshall to Randall had the effect of creating a joint tenancy between those parties, Marshall's possession was the possession of both. The general rule is that the possession of one joint tenant is the possession of all. This rule has its exceptions. Although the deed may in law create a joint tenancy, yet if one of the joint tenants is in actual possession, claiming the title as against the co-tenants and the world, the Statute of Limitations will inure to the benefit of such claimant. [Warfield v. Lindell, 38 Mo. 561; Dunlap v. Griffith, 146 Mo. 283; Whitaker v. Whitaker, 157 Mo. 342; Hendricks v. Musgrove, 183 Mo. 300.]

It is practically conceded in this case that if the holding of Marshall was adverse to his alleged co-tenant Randall, then such holding, added to the holdings of Marshall's subsequent grantees, would make up the full term of ten years prior to the institution of this suit. The case is one at law. It was tried before the

court without the intervention of a jury. In such case the judgment and findings of the court upon matters of fact stand before this court in the same light as the verdict of a jury. In other words, if there is evidence to sustain the findings, such findings of fact, like the verdict of a jury, will not be disturbed by this court. In the present record there is ample evidence upon which the trial court could have found adverse possession for the period of ten years, as pleaded in the answer. Of course the testimony as to the adverse possession of one co-tenant as against his fellows must be clear and pointed. In the case at bar there are many facts in evidence strongly tending to show that Marshall claimed the absolute ownership of this house and small tract of land. In fact, it appears that only recently has a contrary claim been made. The court was authorized to find for respondent upon this theory of the case alone, and having so found we will not disturb the judgment.

This obviates a discussion of the uncertain description in some of the deeds in evidence. Let the judgment be affirmed. All concur.