## EDSON GRIGGS, Appellant v. CHARLES BRIDGEWATER, Respondent.

### Springfield Court of Appeals, December 2, 1912.

1. **APPEAL AND ERROR: Court Sitting as Jury: Question of Fact.** The judgment of a trial court sitting as a jury is final on a question of fact where the evidence is conflicting.

2. **LANDLORD AND TENANT: Assignment of Lease.** In an action of unlawful detainer the provisions of a lease are examined and *held* that it covers a period of more than two years and that Sec. 7880, R. S. 1909, did not apply so as to prevent the tenant from assigning the lease.

3. ————: ————: **Death of Tenant.** Where a subtenant acquires his right under a lease before the death of the tenant, he is not affected thereby.

4. **APPEAL AND ERROR: Court Sitting as Jury: Sustaining Finding of Trial Court.** In a trial of a case before the court sitting as a jury where there was no finding of facts or no declarations of law given or refused, and nothing in the record to indicate the grounds upon which the court made its finding, it will be upheld by the appellate court if justified upon any ground.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Orchard & Cunningham* for appellant.

(1) The lease having less than two years to run on, the Hardcastle land could not be assigned without the written consent of plaintiff. R. S. 1909, Sec. 7880. (2) A lease held for a term of years is personal property and on the death of the lessee it goes to his legal representatives. Kelly's Probate Guide, Edition of 1884, Sec. 104; Sutter v. Lockman, 39 Mo. 91; Orchard v. Store Co., 225 Mo. 436. (3) A demand in unlawful detainer wrong in the description of some of the tracts of land, and right in others is sufficient for those tracts covered by both the complaint and demand. Beach v. Heck, 54 Mo. App. 599; Schworer v. Christophen, 72 Mo. App. 116.

*L. B. Shuck* and *J. W. Chilton* for respondent.

(1) Parties who enter into contracts of lease of lands containing provisions against assigning such lease, may by subsequent agreements unmake or alter such lease, or by subsequent conduct, the party for whose benefit such provision is made, may waive it. Knoepker v. Redel, 116 Mo. App. 62; Hynes v. Ecker, 34 Mo. App. 650; Ins. Co. v. Railroad, 74 Mo. App. 89; Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 530. (2) Acquiescence in the possession of one holding and claiming to be the assignee of the original lessee, is a recognition of tenancy in such possessor, and will estop the lessor from asserting possession of the land in an action of unlawful detainer. Knoepker v. Redel, 116 Mo. App. 62; Starbuck v. Avery, 132 Mo. App. 542; Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 530. (3) A lease for more than two years, or for one year certain which may, at the op-

tion of lessee, be extended for more than two years, may be assigned without the written assent of the lessor. The lease in question from Griggs to Hardcastle was for three years, and did not provide that the written assent of the landlord would be required to allow an assignment thereof. Jones and Oglesby v. Kansas City Board of Trade, 99 Mo. App. 433; Moore v. Trust Company, 173 Mo. 244. (4) The findings of a court sitting as a jury are conclusive upon all matters of fact where supported by substantial evidence. Nickey v. Leader, 225 Mo. 30; Railroad v. Bernarder, 144 S. W. 1105; Hamilton v. Boggess, 63 Mo. 252; Hynes v. Ecker, 34 Mo. App. 659.

COX, J.—Action of unlawful detainer begun before a justice of the peace, appealed to the circuit court and there tried by the court and issues found for defendant. Plaintiff has appealed.

Plaintiff leased fourteen acres of land to one Marle Hardcastle. By the terms of the lease, Hardcastle was required to clear and cultivate the land. Afterwards, Hardcastle, with the consent of plaintiff, made an agreement with this defendant by which defendant acquired some interest in the lease of the land and on the extent of that interest this controversy hangs. Plaintiff contends that defendant only acquired the right to occupy and cultivate a part of the tract covered by the lease while defendant contends that his rights extend to the whole tract. The testimony was conflicting as to that question and the court sitting as a jury having found in defendant's favor, the judgment of the trial court is final unless under the law and the facts, defendant could not acquire an interest in the whole tract. [Nickey v. Leader, 235 Mo. 30; 138 S. W. 18, 1. c. 41.]

The first point made by appellant is that Hardcastle could not assign the lease or any part of it without the written assent of plaintiff under Sec. 7880,

R. S. 1909. That statute by its terms only applies to leases not exceeding two years or tenancies at will or by sufferance. This lease was executed September 23, 1909, and contained the following provision: "All land cleared by Hardcastle in the year 1908 and 1909 is to be delivered to Griggs in the year 1912 free of sprouts and all land cleared by Hardcastle in 1910 and 1911 is to be delivered to Griggs, January 1, 1913, free of sprouts."

It will thus be seen that the lease extended from September 23, 1909 to January 1, 1913, a period of more than two years; hence, the statute does not apply.

Hardcastle, the lessee, died in September or October, 1910, and appellant contends that the lease then went to his personal representative but the administrator of Hardcastle refused to take charge of it and for that reason it became the duty and the right of plaintiff to take it. However this may. be, no one could interfere with the rights of defendant and since his rights were acquired before the death of Hardcastle, he is not affected thereby.

The suggestion is made in brief of counsel for appellant that the trial court based his finding upon the ground that the notice and demand for possession served by plaintiff on defendant covered more land than the amended petition on which the case was tried and that being true, the finding was wrong. There was no finding of facts and no declarations of law given or refused and there is nothing in the record before us to indicate the ground upon which the court found for defendant, hence, if the finding is justified upon any ground, we must uphold it.

As we view this record, the only question for the trial court to pass upon was a question of fact and there being evidence on both sides of that issue, his finding is binding upon us and the judgment must, therefore, be affirmed. All concur.