NANNIE CRAIG, Administratrix of Estate of GEORGE CRAIG, Deceased, Appellant, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

Division One, February 28, 1913.

1. **NO BILL OF EXCEPTIONS: Raised by Motion to Affirm.** A motion filed by respondent to affirm the judgment on the ground that no bill of exceptions was filed within the time prescribed by law, raises the question of whether or not the bill is before the court for consideration.

2. ————: **Motion to Affirm: When Sustained.** Where it appears from the abstract of the record proper that an appeal was taken by plaintiff within proper time and the pleadings and judgment are properly abstracted therein, respondent's motion to affirm on the ground that no bill of exceptions was filed within the time permitted by law, will not be affirmed on that ground, but the court will consider the case to the point of deciding whether the judgment was one that could have been entered under the pleadings.

3. ————: **Time of Filing: Under Act of 1911.** The Act of 1911, Laws 1911, p. 139 (whether or not it be one of procedure, and without regard as to whether it has a retroactive operation), does not apply where appellant's right to file a bill of exceptions had expired two years before its enactment. It was intended to apply to cases wherein there was an existing right to file a bill of exceptions at the time the act took effect—such as, for instance, to relieve the appellant of the labor and necessity of securing further extensions of time in which to file. It cannot be made to apply to a case appealed prior to its enactment in which no "time was allowed by the trial court" to file a bill of exceptions.

Appeal from Franklin Circuit Court.—*Hon. R. Steel Ryors*, Judge.

AFFIRMED.

*W. F. Evans* and *E. T. Miller* for respondent.

(1) This case does not come within the provisions of the Act of 1911. Laws 1911, p. 139. If that position be not sustained, then respondent urges that the act, in so far as it allows the filing of the bill of exceptions in this case after the time for filing the same had expired under then existing statutes, is void, because (2) the act violates section 15, article 2, of the Constitution of Missouri, which provides: "That no *ex post facto* law, nor law impairing the obligation of contracts, or retrospective in its operation, * * * can be passed by the General Assembly." From the record in this case it appears that no action was taken by appellant in respect of filing a bill of exceptions or obtaining time therefor subsequent to the March term, 1909, of the trial court, until the July term, 1911, of that court, at which term the record shows that appellant presented her bill of exceptions to the then judge of the trial court. This is not such a state of facts of record as entitles the bill of exceptions to be filed in this case under the provisions of the Act of 1911. The evident intent of the provision of that act that "in all cases now" pending in the appellate courts on appeal, etc., was to continue an existing right and not to revive a forfeited right. Leete v. Bank, 115 Mo. 184; Society v. Wheeler, 2 Gall. (U. S.) 139; Stevens v. Andrews, 31 Mo. 205; Cranor v. School District, 151 Mo. 119; Dyer v. City, 88 Me. 140; Kinsman v. Cambridge, 121 Mass. 558; Atkinson v. Dunlap, 50 Me. 111; Garfield v. Bemis, 2 Allen, 445.

*Charles E. Morrow* for appellant.

(1) The act approved March 13, 1911, applies "in all cases now and hereafter pending on appeal in the Supreme Court. This case was at the date of the passage of the act "pending on appeal in the Supreme Court." It is also provided: "Hereafter no case

now or hereafter pending in any appellate court shall be affirmed for failure to file a bill of exceptions within the time allowed by the trial court, but such case may be affirmed for failure to file a bill of exceptions within the time in this section provided." Therefore this case is within the letter of the act. O'Dowd v. Railroad, 166 Mo. App. 660. (2) The act does not violate section 15, article 2, of the Constitution prohibiting the passing of laws retrospective in their operation, because the act in question does not impair any vested civil rights nor create a new obligation, nor impose a new duty, nor attach a new disability in respect to gone-by transactions. Gladney v. Sydnor, 172 Mo. 318; Insurance Co. v. Flynn, 38 Mo. 483. The law in question only affects civil remedies and modes of procedure and there is no vested right in a particular mode of procedure. Gibson v. Railroad, 225 Mo. 480; St. Louis v. Calhoun, 222 Mo. 52; Clark v. Railroad, 219 Mo. 532; Rohenfeldt v. Railroad, 180 Mo. 554; State v. Taylor, 134 Mo. 144. "Laws merely affecting civil remedies and modes of procedure are not within the constitutional interdiction." Clark v. Railroad, 219 Mo. 532; Golden City v. Hall, 68 Mo. App. 627; In re Life Association of America, 91 Mo. 177; Coe v. Ritter, 86 Mo. 277; Wellshear v. Kelley, 69 Mo. 354; Porter v. Mariner, 50 Mo. 364; Harrstick v. Gabriel, 200 Mo. 244; O'Bryan v. Allen, 108 Mo. 227. A rule of evidence as to pending cases can be changed without trespassing on constitutional prohibitions. Coe v. Ritter, 86 Mo. 277; O'Bryan v. Allen, 108 Mo. 227; State v. Thompson, 141 Mo. 408, 171 U. S. 380.

GRAVES, J.—December 22, 1907, one George Craig was struck and killed by one of the defendant's trains near the town of Moselle in Franklin county, Missouri. Said Craig was unmarried and left as his lawful heirs his mother, Nannie Craig, the present ad-

ministratrix of his estate, and plaintiff in the case, and some brothers and sisters.

In view of the law, details of the unfortunate accident resulting in George Craig's death need not be reviewed. Whether these details would reflect upon deceased or the railway becomes a matter wholly immaterial here. Suffice it to say that the mother, Nannie Craig, was made administratrix of the estate and in that capacity on July 30, 1908, filed her petition charging the defendant with the negligent killing of the said George Craig. This petition was returnable to the following November term of said court, at which time the issues were duly made by answer and reply, but the cause was continued to the following March term in the year 1909. At this March term, 1909, the plaintiff filed an amended petition. The issues were again made up by answer and reply and the cause tried at said March term. March 13, 1909, verdict was returned for the defendant. March 16th, being a day of said March term, a motion for new trial was filed by plaintiff, and this motion was overruled on April 5, 1909, but during the said March term. On the same day plaintiff took the appeal in this case. The record concernng further matters had better speak for itself and we quote from the plaintiff's abstract before us thus:

"Thereafter, on the said 5th day of April, 1909, it being one of the days of the March term, 1909, of said court, the plaintiff deposited $10 as a docket fee in the Supreme Court and filed its application and affidavit in due form praying an appeal of said cause to the Supreme Court of Missouri. And on the said 5th day of April, 1909, and at the March term, 1909, of said court, the court by order duly entered of record in said cause, duly granted the plaintiff an appeal of said cause to the Supreme Court of Missouri.

"And thereafter, on the 19th day of July, 1911,

and at the July term, 1911, of said court, and within the time allowed by law, the plaintiff presented her bill of exceptions herein, and said bill of exceptions was thereupon signed and sealed by the judge of said court and by an order of court duly entered of record in said cause, approved, allowed and filed, and made a part of the record in said cause.

"On the 20th day of September, 1909, and within the time allowed by law, the appellant perfected her appeal herein by filing in this court certified copies of judgment and order granting appeal."

It is the second paragraph of the quotation above that gives rise to the trouble in the case. Defendant has filed its motion to affirm because no bill of exceptions was filed within the time prescribed by law. This motion and the suggestion both for and *contra* were taken with the case. The motion at least raises the question of whether or not the bill of exceptions is here for consideration. With the view we entertain as to the law this sufficiently states the case.

Raised by Motion.

I. Going to the record before us it appears the defendant has moved to affirm because no bill of exceptions was filed within time. As a motion to affirm it should not be sustained on the ground alleged. It does appear from the abstract of record before us that an appeal was taken in proper time, and that appeal lodged in this court within proper time. The abstract before us properly abstracts the record proper, so far as the pleadings and the judgment are of consequence. In such state of the record it is our duty to say whether or not the judgment entered is one which could have been entered under the pleadings. If under the pleadings the judgment cannot stand, then it would be our duty to reverse the judgment, although no bill of exceptions had been filed. So that we say that a motion to affirm

Motion to Affirm.

does not have to be sustained simply because an appellant fails to file a bill of exceptions, because if the record proper is before us, and such record shows that the judgment entered is not one which could be entered under the pleadings, then we would have to reverse the case, although there was no bill of exceptions. We have often so ruled on motions to dismiss an appeal and we need not further reiterate the reasons. We have always held that such a motion will call to our attention the fact as to whether or not we have before us the bill of exceptions or only the record proper. So in this case the motion to affirm (grounded as it is) is such as to present to us the question whether we shall consider the whole record (which includes the record proper and the bill of exceptions) or the record proper only. It might be further said that the motion would also call our attention to the fact that there was no error in the record proper. But the real question in this case is whether or not there is a bill of exceptions here for our consideration, and to that question we next proceed.

II. It will be noticed from the quotation made from the abstract of record in our statement, that no bill of exceptions was filed at the March term, 1909, of the Franklin Circuit Court. Nor does the abstract show any leave to file a bill of exceptions at a later date. The law then governing the filing Bill of of bills of exceptions required them to Exceptions. be filed during the trial term, or at some later date properly fixed by order of the court. The abstract fails to show an order for the filing of a bill of exceptions at a later date, and therefore fails to disclose any reason for the filing of such bill of exceptions at any time save at the trial term. This seems to be conceded, but plaintiff claims she had the right to file her bill of exceptions two years later, as she did, and that this court must consider it when so

filed, because of the provision of an act of the Legislature passed in 1911 (Laws 1911, pp. 139 and 140), and this is the sole contention in the case. This Act of 1911 repealed section 2029, Revised Statutes 1909, and enacted in lieu thereof a new section which reads:

"Such exceptions may be written and filed at the time or during the term of the court at which it is taken, or within such time thereafter as the court may by an order entered of record allow, which may be extended by the court or judge in vacation for good cause shown, or within the time the parties to the suit in which such bill of exceptions is proposed to be filed, or their attorneys may thereafter in writing agree upon, which said agreement shall be filed by the clerk in said suit and copied into the transcript of record when sent to the Supreme Court or Court of Appeals: Provided, in all cases now and hereafter pending on appeal in the Supreme Court and in any of the Courts of Appeals, the bill of exceptions therein may be allowed by the trial court, or the judge thereof in vacation, and filed in such court, or with the clerk thereof in vacation, at any time before the appellant shall be required by the rules of such appellate courts respectively to serve his abstract of the record, and for the purpose of determining whether such bill of exceptions shall have been filed within such time such appellate court shall make reference to its docket: Provided, that if for any reason the bill of exceptions cannot be allowed and filed within the time above provided, then the judge before whom such case was tried shall certify in writing such fact to the appellate court in which the appeal is pending, and such appellate court shall reset or continue such case for a sufficient time within which to enable such bill of exceptions to be allowed and filed, and in that event the time within which such bill of exceptions may be allowed and filed shall be determined by the time within which appellant's abstract must be served after

Craig v. Railroad.

such resetting or continuance. Hereafter no case now or hereafter pending in any appellate court shall be affirmed for failure to file a bill of exceptions within the time allowed by the trial court, but such case may be affirmed for failure to file a bill of exceptions within the time in this section provided, if error do not appear in the record of the case. All exceptions taken during the trial of a cause or issue before the same jury shall be embraced in the same bill of exceptions.''

The defendant contends that this Act of 1911 does not apply to the case in hand. It further contends that if it should be construed to so apply, then it would be violative of constitutional provisions. We have therefore learned discussions upon the constitutionality of the act from different angles, or viewpoints. The question of the new statute being one of procedure and not one affecting substantial rights is likewise thoroughly and ably discussed, but to our mind all these questions may be more properly left to a case where they become real and live issues. We do not believe that the statute was ever intended to apply to a case having the facts of the one before us. The record before us discloses that the plaintiff's right to file a bill of exceptions had expired long before the Act of 1911 was ever contemplated. With her the right, under the law, was a dead issue. In our judgment the intent of the Act of 1911 was to protect parties having live and existing rights at the date of its enactment. Under the old law appeals were taken, and for sundry reasons bills of exceptions could not be filed in time. Extensions of time had to be procured, and these sundry extensions had to be made whilst the right to file a bill of exceptions yet existed. These matters were a tax upon busy lawyers, and the evident purpose of the act was to relieve them of the necessity of procuring further extensions of time to file their bills of exceptions in cases where they had a live and existing right to file them at the time the

new law went into effect.  There was no legislative intent to revive for them a right dead and buried for two years or more, as in the case at bar.  To get at the meaning of the legislative act in question we must consider the previous law and the evils it was intended to meet.  It is current history in this State, that in the busy city courts, numerous extensions of time for filing bills of exceptions had to be procured because court stenographers were unable to get out transcripts of the evidence.  In some cases this court has confronted such situations.  We have at times met with cases where the trial courts "for good reasons shown" had extended the time of filing a bill of exceptions beyond the time when the abstract of record should be filed here.  We likewise have encountered cases where some busy lawyer had overlooked procuring an extension of time to file a bill of exceptions during the period when he had a live right to file it.  These things were the things in the legislative mind when the Act of 1911 was passed.  So that we conclude that the act in question was only intended to apply to cases where there was a right existing to file a bill of exceptions at the time the act took effect.

This Act of 1911 is composed of three separate parts, viz., (1) the re-enactment of old section 2029, Revised Statutes 1909; (2) a proviso which we will call proviso No. 1, and (3) a proviso which we will call proviso No. 2.  If proviso No. 1 is considered alone it lends much aid to the contention made by the plaintiff, but we must consider proviso No. 2, as well as the original section which was re-enacted, and when the whole new section is thus considered we think it should be construed to apply only to cases where there was an existing right to file a bill of exceptions at the date the act took effect.

But there is in proviso No. 2 a condition which precludes the bill of exceptions in this case from being considered, irrespective of the general construc-

tion of the whole act above indicated. This condition is thus stated:

"Hereafter no case now or hereafter pending in any appellate court shall be affirmed for failure to file a bill of exceptions within. the time allowed by the trial court, but such case may be affirmed for failure to file a bill of exceptions within the time in this section provided, if error do not appear in the record of the case. All exceptions taken during the trial of a cause or issue before the same jury shall be embraced in the same bill of exceptions."

Note the language. It refers to a "failure to file a bill of exceptions within the time allowed by the trial court." The abstract before us shows no time given for the filing of a bill of exceptions by the trial court, and the proviso says nothing about a failure to file a bill of exceptions during the trial term. So that the class of cases covered by proviso No. 2, is that of a failure to file a bill of exceptions during the time granted by the trial court. This case does not fall within the class. We are referred to the recent case of O'Dowd v. Wabash Railroad, 166 Mo. App. 660, by the Kansas City Court of Appeals. It may be that language used in that case lends some support to the contention of plaintiff and if it does, it should be overruled. But what is there said should be read in the light of the facts of that case. The opinion (p. 664) thus states the facts:

"The plaintiff has moved to strike defendant's bill of exceptions from the record, because it was not allowed, signed and filed in the time fixed by the court. At the January term of the court for 1911, and on the 28th day of March, appeal was allowed and defendant given until the 9th day of the following September to file its bill of exceptions. For good cause shown, defendant was allowed other extensions of time to file its bill of exceptions, the last extension being until the 15th day of January, 1912. The bill was signed, sealed, filed and made a part of the record

on the 24th day of February, 1912, more than one month after the time allowed for that purpose.''

It will be noticed that there was an existing right to file a bill of exceptions at the time the Act of 1911 took effect. The right to file a bill of exceptions in that case ran to September 9, 1911, long after the act under review went into effect, and the ruling of the Kansas City Court of Appeals in result was right.

III. With this construction of the Act of 1911, as we have indicated in our paragraph two, we can have before us here but the record proper in this case. The judgment is sustained by the pleadings and in such case must be affirmed. Let the judgment be affirmed. All concur.