CHARLOTTE E. MITCHELL, Appellant, v. HALLEY SPARLIN.

Division Two, February 17, 1914.

1. **TERMS OF COURT: Judicial Notice.** The court takes judicial notice of the number of regular terms of circuit court held in a county, and of the date they begin.

2. **BILL OF EXCEPTIONS: Untimely Filing: Act of 1911.** A bill of exceptions not filed within the time prescribed by order of the court allowing the appeal, if the order was made and

the time had expired prior to the enactment of the statute of 1911, Laws 1911, p. 139, cannot be considered on appeal—for instance, if the appeal was taken at the March term, 1910, and appellant given leave to file bill of exceptions on or before the June term, 1910, and at that term no order was made or action taken in the matter, and without any extension of time the bill was filed in December, 1910. The Act of 1911 does not have a retroactive operation; and did not have the effect to revive a right already dead and extinct.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston*, Judge.

Affirmed.

*R. B. Wilcox* and *Thomas M. Saxton* for appellant.

*A. D. Bennett* for respondent.

WALKER, P. J.—This is an appeal by the plaintiff from a judgment in ejectment rendered in the circuit court of Newton county, at its February term, 1910, in favor of defendant, for forty acres of land in said county, described as the northwest quarter of the southwest quarter of section twenty, township twenty-five, range thirty-three.

Bill of Exceptions: Untimely Filing: Prior to Act of 1911.

The trial was had, judgment rendered, and an appeal granted at an adjourned term of the regular February term of said circuit court, held in March, 1910, the record entry of the granting of the appeal bearing date of March 16, 1910, and being as follows: "Appeal granted to the Supreme Court and plaintiff given leave to file bill of exceptions on or before the 2d day of the next term of this court."

Judicial notice will be taken of the fact that three regular terms of the circuit court of Newton county are required to be held in each year, namely: on the fourth Monday in February, the first Monday in June, and the second Monday in October (Sec. 4039, R. S.

1909). [Ray Co. Bank v. Hutton, 224 Mo. 42, 51; Nickey v. Leader, 235 Mo. 30, 40.] The "next term" of said court was, therefore, within the meaning of the above order, the June term, 1910, at which time no orders were made or action taken in regard to this case. At the October term the following entry appears of record: "And on the 10th day of October, 1910, it being the first judicial day of said October term of the court, the following proceedings in this cause were had, to-wit: 'Time for filing bill of exceptions in this cause extended until December 15, 1910.' " And thereafter on the 13th day of December, 1910, the plaintiff filed her bill of exceptions.

The material portions of the statute (Sec. 2029, R. S. 1909) regulating the signing and filing of exceptions at the time the proceedings were had herein, required same to be written and filed at the time or during the term when taken, or within such time thereafter as the court by an order of record may allow, which time may be extended by the court or judge thereof in vacation for good cause shown, or within such time thereafter as the parties to the suit may agree upon.

Adapting the phraseology of the foregoing statute to the facts in this case, plaintiff was authorized to file her exceptions on or before the second day of the June term, 1910, of said circuit court; the filing of same thereafter, to entitle them to a review by this court, must have been based upon an order of the trial court or judge thereof in vacation, or by agreement of the parties before the expiration of the time limited in the court's order of March 16th. This conclusion is supported by numerous rulings of this court in reference to the time within which exceptions shall be filed under the statute as it existed prior to the enactment of 1911 (Laws 1911, p. 139), the most recent of which is found in Craig v. Railroad, 248 Mo. 270, 275. But no action was taken evidenced by a record entry, in regard to said exceptions within the time

limited, nor until the October term, 1910, of said court. The order made at this term was, therefore, a nullity or an attempt to give operative force to a right which had ceased to exist.

The enactment of the statute of 1911, supra, repealing section 2029, Revised Statutes 1909, in regard to the filing of exceptions, while affording appellants in cases to which it is applicable, more latitude than the statute it supplants, adds nothing to plaintiff's rights in this case; it was not enacted until March 13, 1911, or more than eight months after plaintiff's right to file her exceptions had ceased to exist; and although it be held that the statute is purely one of procedure, affecting no vested right, and that it may, therefore, be construed to be retroactive, under no reasonable construction can it be held to give life or potential force to the trial court's order, which by its own terms, ceased to be operative or to have a legal existence long before the statute of 1911 was enacted. This being true, plaintiff's right in perfecting her appeal after the time limited in said order had expired, was to have the record proper certified to this court, our review of this case being limited thereto. This question has, in a case on all fours with the one at bar, been ably and elaborately discussed in Craig v. Railroad, supra, l. c. 277, in which GRAVES, J., speaking for the court, said: "We do not believe that the statute was ever intended to apply to a case having the facts of the one before us. The record discloses that the plaintiff's right to file a bill of exceptions had expired long before the Act of 1911 was ever contemplated. With her the right, under the law, was a dead issue. In our judgment the intent of the Act of 1911 was to protect parties having live and existing rights at the date of its enactment."

In a subsequent case, Ottumwa Bridge Co. v. Corrigan, 251 Mo. 667, the ruling in Craig v. Railroad, supra, in reference to the Act of 1911, was ap-

proved, the court's language, expressed by BROWN, C., being as follows: "While the act is remedial in its nature, the construction contended for by appellants would inure chiefly, if not wholly, to the benefit of those who, either deliberately or through negligence, had surrendered the right to have a review of the matters of exception involved, and it does not seem that they have a higher equity than those who, for the same reasons, have failed to take their appeal within the time permitted by law. We still see no reason why, by construction, they should be forced under the wings of the act by permitting it to retroact upon a status already existing by enlarging the scope and effect of the appeal."

The facts herein being parallel with those in the Craig and Ottumwa Bridge Co. cases, supra, we are limited in a review of this case to the record proper. Finding no error therein, the judgment should be affirmed, and it is so ordered.

*Brown* and *Faris, JJ.,* concur.