**MEDICARE GLASER CORPORATION, a corporation, Plaintiff–Respondent**

v.

**KIMCO OF MISSOURI INC., Defendant–Appellant.**

**No. 54181.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 15, 1988.

Thomas E. Wack, James E. Godfrey, Jr., Elizabeth C. Carver, St. Louis, for defendant-appellant.

Merle L. Silverstein, Clayton, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from a declaratory judgment decreeing that plaintiff has a right under its lease with defendant to sublease a portion of the leased premises. We affirm.

The original lease was between Kroger Company, as landlord, and Superx Drugs Corporation, as lessee, to commence December 1, 1985, for a term of twenty years with four five year renewal options. The premises are part of a shopping center in South St. Louis County. In April 1986, defendant, Kimco, acquired the fee interest from Kroger. In December 1986, plaintiff, Medicare Glaser, became the lessee under an assignment from Superx. Shortly after acquiring the lease plaintiff determined that the premises were too large for efficient and economical operation of its drug store. It therefore decided to sublease approximately 7500 square feet of the total 21,500 square feet to a subtenant. In order to effectuate that intent it began construction of a partition between its facility and the unused portion of the premises. The landlord was advised of this intention and construction. It responded by contending the lease did not allow subletting of a portion of the premises and that plaintiff's construction plans involved "major structural changes" which required the consent of the landlord. It further advised that further implementation of plaintiff's plans would constitute a breach of the lease and result in forfeiture. Plaintiff ceased all further construction and brought this action for declaratory judgment to determine whether it could sublet a portion of the premises and whether its construction plans constituted "major structural changes."

Both issues were tried and the trial court found the proposed construction did not constitute "major structural changes" and that plaintiff had the right under the lease to sublet a portion of the premises. Defendant makes no direct challenge to the finding concerning "major structural changes" but indirectly attacks that finding on the basis that the matter is not ripe for declaratory judgment. This is based on the proposition that the subtenant is presently unknown and therefore the full extent of construction necessary for that tenant's needs is also unknown. We find no merit to that contention. Sec. 527.020 RSMo 1986 states that, "[a]ny person ... whose rights, status or other legal relations are affected by ... a contract ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of rights, status or other legal relations thereunder." A petition for declaratory relief must present a real and substantial controversy admitting of specific relief through a decree of a conclusive character as distinguished from a decree which is merely advisory as to the state of the law upon purely hypothetical facts. *M.F.A. Mutual Insurance Co. v. Hill,* 320 S.W.2d 559 (Mo. 1959) [8].

There can be no question here that a real and substantial controversy exists between the parties on the construction of the subletting provision of the lease. A similar controversy exists as to the nature of the physical construction plaintiff intends. That physical construction was described in considerable detail at the trial and expert testimony was furnished by both sides. The construction proposed was not hypothetical. Both experts agreed that what was planned by plaintiff was not "major structural changes." It is not necessary that plaintiff incur the risk of lease forfeiture by completing construction and subletting the premises in order to test its right to do those things. If plaintiff's construction goes beyond that contained in the plans before the trial court and testified

about at the trial defendant will have available legal remedies at that time.

■ Defendant's main contention is that the lease does not authorize subletting of a portion of the premises. Paragraph 26 of the lease provides:

"Tenant may sublet or assign the demised premises at any time. After such subletting or assignment, the word Tenant as used herein shall also mean such subtenant or assignee. In the event of any subletting or assignment, Tenant shall remain primarily liable under the terms of this lease. Tenant may sublet or license concessions or departments from time to time as it may elect."

Sec. 441.030 RSMo 1986 provides that "No tenant for a term not exceeding two years ... shall assign or transfer his term or interest, *or any part thereof,* to another without the written assent of the landlord; ...." (Emphasis supplied). In *Crestwood Plaza, Inc. v. Kroger Co.*, 520 S.W.2d 93 (Mo.App.1974) [3], we held that by necessary implication that section provided that long term tenants may transfer their interest and in view of the emphasized language that includes a part of that interest. That case further stated that courts will not find implied covenants if the parties have either dealt expressly with the matter or have intentionally left the contract silent on the point. In *Stephenson v. Morrissey*, 241 Mo.App. 43, 230 S.W.2d 124 (1950) [5], the court stated, quoting from *Mullins v. Nordlow*, 170 Ky. 169, 185 S.W. 825 (1916):

"The law gives the word 'sublet' a clear and distinct meaning, that is, it means to make a sublease, accompanied by a surrender of the possession and control of the premises, *or at least a part thereof.*" (Emphasis in original).

Black's Law Dictionary, 4 Ed. defines "subletting" as "[a] leasing by the lessee of a whole *or part* of premises during a portion of unexpired balance of his term." (Emphasis supplied).

The *Stephenson* case *supra* involved the exact opposite of the situation now before us, i.e.: a contention by the lessee that a prohibition against subletting did not prohibit subletting of a portion of the premises. The court held that subletting, as prohibited by the lease there, encompassed either a partial or total subleasing of the premises. The lease before us deals specifically with subletting and allows it. Subletting in law encompasses subleasing of all or a portion of the premises in the absence of language otherwise restricting the scope of the sublease. Defendant contends that other sections of the lease by implication indicate an intent that the sublease provision relate only to sublease of the entire premises. We find no basis for concluding that other unrelated provisions were intended to restrict the subletting language of paragraph 26. The lease authorizes the sublease contemplated by plaintiff.

JUDGMENT AFFIRMED.

STEPHAN, J., and SIMEONE, Senior Judge, concur.