## THE STATE v. MONROE MOORE, Appellant.

### Division Two, May 14, 1907.

1. **BILL OF EXCEPTIONS: Expiration of Time: Mistake.** A bill of exceptions filed after the expiration of the time granted cannot be considered on appeal. And the fact that defendant's counsel was misled by the prosecuting attorney as to the expiration of the time, does not authorize the appellate court to consider the bill of exceptions filed after the time had expired.

2. **INFORMATION: Robbery: Time.** Time is not the essence of the offense of robbery. And an information charging this offense is not defective because it fails to specify the particular day of the month on which the alleged robbery was committed.

3. ———: ———: **Venue.** Where an information correctly lays the venue in the margin, it is not invalid because the venue is not stated in the body of the information.

4. ———: ———: **Fear of Injury: Nature of Instrument.** An information charging robbery is not invalid because it does not specify the nature of the instrument or the means by which the prosecuting witness was put in fear of immediate injury to his person.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*C. P. Hawkins* for appellant.

(1)   The information is bad; it does not conform to the law; it fails to inform the defendant the day of the month said alleged offense was committed; neither does it inform him with what he is charged with having put the prosecuting witness in fear of immediate injury.   (2)   Nowhere in the information does it charge defendant with having committed this or any other offense in the State of Missouri, but simply charges same was committed in Pemiscot county.   (3)   The prosecuting attorney fails to sign the information officially, but as a private individual, and does not say he is the prosecuting attorney of Pemiscot county.   State v. Lawler, 130 Mo. 367; State v. Bruce, 77 Mo. 193; State v. Kelm, 79 Mo. 515; State v. Anderson, 84 Mo. 524; State v. Russell, 88 Mo. 648; State v. Shortwell, 93 Mo. 123; State v. Green, 111 Mo. 585; State v. Reed, 117 Mo. 604.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

The information, which is accompanied by the affidavit of the prosecuting attorney, is sufficient in form and substance.   Kelley's Crim. Law, sec. 625; R. S. 1899, sec. 1893; State v. Lamb, 141 Mo. 298.

GANTT, J.—The defendant was arrested and tried upon an information filed by the prosecuting attorney of Pemiscot county charging him with having feloniously assaulted and robbed one Frank Lawson of the sum of three dollars and fifty cents on the — day of November, 1905.   The defendant was tried and convicted at the same term at which the information was filed, and sentenced to five years imprisonment in the penitentiary.   From that sentence, he appeals to this court.

There is no bill of exceptions in the transcript owing to the mistake and oversight of the counsel for the defendant as to the expiration of the time for the filing of the bill. Conceding that the counsel for the defendant was misled by the prosecuting attorney, we are powerless to grant him any relief on that ground. It is not asserted that the prosecuting attorney wilfully misstated the time when the leave would expire, and it was the duty of the counsel for defendant to ascertain that fact for himself, especially when it appears that he thought the time expired on the first of March, and had ample time to have obtained a written stipulation from the prosecuting attorney extending the time; this was not done. Therefore, we are restricted to the examination of the record proper for reversible error.

1. The information is assailed on the ground that it fails to inform the defendant the day of the month on which the alleged robbery was committed. The information charges that the robbery was committed on the — day of November, 1905. Time was not the essence of this offense. Any time within three years prior to the finding of the indictment was sufficient. Section 2535, Revised Statutes 1899, expressly provides that "No indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected . . . for omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense, nor for stating the time imperfectly." [State v. Magrath, 19 Mo. 678; State v. Ward, 74 Mo. l. c. 255, 256.] Another objection to the information is that it does not charge the defendant with having committed the said robbery in the State of Missouri, but simply charges the same was committed in Pemiscot county. The information lays the venue in the margin, and section 2527, Revised Statutes 1899, provides: "It shall not be necessary to state any venue

in the body of any indictment or information; but the county or other jurisdiction named in the margin thereof shall be taken to be the venue for all the facts stated in the body of the same." [State v. Hunt, 190 Mo. 353.] The information was well enough in this respect. The objection that the prosecuting attorney did not sign the information officially is not borne out by the record. Both in the body of the information and in his signature to the information, it appears that he was the prosecuting attorney of Pemiscot county.

Finally, it is insisted that the information is bad in that it fails to inform the defendant of the nature of the instrument or the means by which he put the prosecuting witness in fear of immediate injury to his person. As to this neither the common law nor our statute requires the grand jury or the prosecuting attorney to set out the means by which the victim of a robbery is put in fear. [Train & Heard, Prec. of Indictments, 461; 3 Chitty, Criminal Law, 806; State v. Lamb, 141 Mo. 298; State v. Montgomery, 181 Mo. 19.]

No error appearing in the information or in the arraignment, impaneling of the jury or the return of the verdict or sentence of the court, the judgment of the circuit court must be and is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.