## ANNA M. HANNE v. MINA GARVEY et al.; PATRICK GARVEY, Appellant.

**Division Two, February 17, 1914.**

1. **BILL OF EXCEPTIONS: Timely Filing.** Unless the bill of exceptions was filed within the time prescribed by the order of the trial court made in 1909, or an extension of time obtained before the expiration of the time allowed, it cannot be considered on appeal, because not timely filed.

2. ———: ———: **Delayed by Motion to Set Aside Appeal: From Interlocutory Judgment in Partition.** Nor does the fact that after defendant took his appeal from the interlocutory judgment in partition and was granted thirty days in which to file his bill of exceptions, plaintiff filed a motion to set aside the order granting the appeal and to strike his affidavit and bond from the files, on the ground that no appeal lies from such interlocutory judgment, defendant delayed the filing of his bill of exceptions until that motion was disposed of, excuse his failure during the thirty days to file his bill or obtain an extension of time. It was his duty to act within the thirty days. The motion had no effect on the time granted.

3. **APPEAL: From Interlocutory Judgment in Partition.** By express statute (Sec. 2038, R. S. 1909) appeals may be taken "from interlocutory judgments in actions of partition which determine the rights of the parties." It cannot be perceived, therefore, upon what theory the trial court permitted plaintiff to file a motion to set aside the order granting defendant an appeal from such a judgment.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*Henry M. Walsh* for appellant.

*Koenig & Koenig* for respondent.

The bill of exceptions, in accordance with the repeated declaration of this court, if not filed within the time allowed by the court will be ignored and the judg-

ment affirmed. The record discloses that neither the bill of exceptions was filed, signed and allowed within the thirty days allowed, nor was an extension of time within which to file same granted by the court within the thirty days granted on May 25, 1909, in which to file same. The extension of time obtained after the expiration of the time to file the bill of exceptions will not operate to extend the time for filing the bill of exceptions. This is the construction placed on the statute in force when this appeal was taken. Graham v. Deguire, 154 Mo. 88; State v. Harris, 121 Mo. 445; Linahan v. Barley, 124 Mo. 560; State v. Simmons, 124 Mo. 443; State v. Scott, 113 Mo. 560; State v. Apperson, 115 Mo. 470; Loewen v. Hicks, 63 Mo. App. 79; State v. Schuchman, 133 Mo. 111; Dorman v. Coon, 119 Mo. 69; Fulkerson v. Murdock, 123 Mo. 292; Dansforth v. Railroad, 123 Mo. 196; State v. Dillon, 132 Mo. 183; State v. Clark, 119 Mo. 426; Powell v. Sherwood, 162 Mo. 605.

WALKER, P. J.—Appeal from the circuit court of the city of St. Louis.

This is an appeal from an interlocutory judgment in partition determining the rights of the parties. Patrick Garvey, one of the defendants, appealed to this court, and the order granting same gave appellant thirty days from May 25, 1909, within which to file his bill of exceptions.

**Bill of Exceptions: Untimely Filing.**

On May 27, 1909, the plaintiff filed a motion to set aside the order granting the appeal, and to strike the affidavit and bond therefor from the files, on the ground that an appeal did not lie from an interlocutory judgment in partition. The record does not show what disposition was made of this motion.

On the 29th day of June, 1909, defendant, who seems until this date to have taken no further steps to perfect his appeal after the entry of the order granting

same, asked and was granted sixty days additional time within which to file his bill of exceptions. From time to time thereafter extensions of time, within which to file the bill, were granted until November 30, 1909, when it was filed within the time granted by the last extension. Upon this record we are asked to review the proceedings of the trial court.

There is nothing before us except the record proper. [Priddy v. Hayes, 204 Mo. 358, 365.] The defendant allowed the thirty days' time granted him, within which to file his bill of exceptions, to lapse and took no steps to perfect his appeal until June 29, 1909, or four days after the time granted had expired. Under the statute, then in force (Sec. 2029, R. S. 1909), the application for an extension of time within which to file the bill was not timely. [Cartwright v. Liberty Tel. Co., 205 Mo. 126, 131; State v. Eaton, 191 Mo. 151, 156; Fulkerson v. Murdock, 123 Mo. 292, 296.]

Defendant contends that his lack of earlier action to perfect his appeal was due to the filing and pendency of plaintiff's motion to set aside the order granting the appeal. There is no merit in this contention. Plaintiff's motion had no effect upon the time granted the defendant; it was the latter's duty to act within the time limited by the court. It has even been held in criminal cases, in which the courts tend, if possible, to a more liberal construction of the statutes in behalf of appellants, that although counsel for appellant may be misled by the prosecuting attorney as to the time granted by the court within which to file a bill, and it is signed and filed after the expiration of such time, there is no bill of exceptions before the appellate court, and only the record proper will be reviewed. [State v. Moore, 203 Mo. 624.] This for the patent reason that the record defining an appellant's rights speaks with definiteness and certainty, and by this he must be governed and not rely upon opposing counsel, or other sources of information, to regulate his actions. The

motion filed by the plaintiff in this case, so far as the record shows, was ignored by the trial court, and upon what theory it was permitted to be filed we are unable to determine, as its only allegation is in the teeth of an express statute (R. S. 1909, sec. 2038) which provides that appeals may be had "from any interlocutory judgments in actions of partition which determine the rights of the parties," all of which requisites were present in the instant case.

The pleadings are sufficient to fairly present the issues in a case of this character; the record entries evidencing the court's action, culminating in a judgment, are, when subjected to the tests of well-established precedents, not subject to substantial criticism.

The judgment of the trial court is, therefore, affirmed.

*Brown, P. J.,* and *Faris, J.,* concur.