# MARY McMURRAY et al., Appellants, v. KATIE McMURRAY et al.

### Division Two, May 26, 1914.

1. **APPEAL: No Bill of Exceptions.** In the absence of a bill of exceptions the Supreme Court cannot review findings on evidence.

2. **FRAUDULENT CONVEYANCE: Possession by Mortgagor.** Conceding that possession by a debtor after an absolute conveyance by him may be a badge of fraud, yet such is not ordinarily the case where the debtor puts a deed of trust on his land. Possession is generally retained by the mortgagor as a matter of course.

3. ————: ————: **Evidence.** Even if it be conceded that possession by a grantor in a deed of trust alleged to have been made in fraud of creditors was a fact to be considered as bearing upon the character of the conveyance, still such possession was only one fact to be considered with all the evidence.

4. **EQUITY: Complete Relief: Jurisdiction.** Where a suit in equity is brought to have certain conveyances of land declared void, a defendant having a claim against the property will not be relegated to the probate court for relief.

5. **THEORY OF CASE IN TRIAL COURT: Appeal.** Where a case has been tried as if an answer had been filed to a cross-petition, the Supreme Court on appeal must treat the case as if an answer had actually been filed.

6. **MORTGAGE: Foreclosure: Judgment Liens: Priority: Notice.** One who lends money upon the security of a deed of trust executed by the purchaser of the property at a foreclosure sale under a former deed of trust, has a lien superior to that of a judgment creditor whose liens attached after the making of the first deed of trust and before the second, provided the lender had no notice that the purchaser at the foreclosure sale may have bought for the original owner and mortgagor.

7. ————: **Assignee: Notice: Purchase with Notice from Innocent Holder.** An assignee of a mortgage note from a holder without notice, takes the title of his assignor even though the assignee himself have notice.

8. ———: Notice: **Fraud.** One who in good faith makes a loan secured by deed of trust, may foreclose the deed and purchase the property at the foreclosure sale even though in the meantime she has learned of a fraud affecting the debtor's title to the mortgaged land.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*C. S. McLane, H. D. Kissenger* and *Frans E. Lindquist* for appellant Martin; *Albert E. Martin,* of counsel.

*Leonard Waddell* for appellant Elbert.

(1) If said Mary McMurray purchased the property, at such trustee's sale, while the owner of the equity of redemption, such sale has no more legal and equitable bearing on her interest in the land than if she had paid off such $2500 deed of trust and received a release thereof. She but redeemed her land from her deed of trust. Kemper v. Berkeley, 79 Mo. App. 578; Freeman v. Moffitt, 119 Mo. 280. However, Mrs. Ketchum claims that she paid the purchase price of the property, out of her loan to Mr. Batson. Had she paid off such deed of trust of $2500, either at the request of Mary McMurray, or to protect her own interest, there would be no question but that she would, in equity, be entitled to be subrogated to the rights of the original mortgagee in the $2500 deed of trust. Under the pleadings, she did neither. She was a mere volunteer. Hence, no subrogation can be made. Roberts v. Best, 172 Mo. 81; Kirby v. Tallmadge, 160 U. S. 379; Squires v. Kimball, 208 Mo. 110; Wiggenhorn v. Daniels, 149 Mo. 165; Leavitt v. LaForce, 71 Mo. 253; Davis v. Briscoe, 81 Mo. 27; Insurance Co. v. Smith, 117 Mo. 261; Stuart v. Ramsey, 196 Mo. 416; Sensenderfer v. Kemp, 83 Mo. 588; Shaffer v. Detie, 191 Mo.

393. (2) The decree is not supported by the pleadings. State ex rel. v. Muench, 217 Mo. 124. (3) The court erred in holding that such liens, in favor of Helen V. Elbert, were inferior and subject to the pretended lien of Beulah L. Ketchum. R. S. 1909, secs. 1806, 2127, 2128, 2881. (4) No jurisdiction to allow Ketchum claim. (5) No jurisdiction to appoint special commissioner. R. S. 1909, sec. 2198.

*Hogsett & Boyle* for respondent Ketchum.

(1) The circuit court had full jurisdiction to give to this respondent the relief to which she was entitled, to render the judgment for $6817, to declare such judgment a lien on the property in question, to make the proper provisions for the redemption of said property from said lien, and to provide for the foreclosure of said lien in the event said property was not redeemed. (a) This is an equitable proceeding and the relief granted to this respondent is equitable in its nature, and the probate court had no jurisdiction whatever in the case; and this respondent would have had no adequate remedy and, in fact, no remedy at all, in the probate court. In re Estate of Strom, 213 Mo. 1; Matson & May v. Pierson, 121 Mo. App. 121; Jenkins v. Morrow, 131 Mo. App. 298; Hanson v. Neal, 215 Mo. 256; Baumhoff v. Railroad, 205 Mo. 248; Secs. 498, 499, R. S. 1909. (b) The relief to which this respondent became entitled by virtue of the court's decree is not a demand, within the meaning of Sec. 498, R. S. 1909, and the judgment rendered in behalf of this respondent does not constitute a demand against the estate of an insane person within the meaning of said section, but is simply a lien against the real estate in question. See authorities supra. (c) Even if it be said that respondent's claim was a demand, still it did not accrue until the deeds in question were set aside, and this was after letters of guardianship had

been issued. Therefore, Sec. 498, R. S. 1909, has no application. St. Louis v. Hollrah, 175 Mo. 79. (d) Even though respondent's claim should be held to be a demand of the character referred to in Sec. 498, R. S. 1909, and it be held that respondent would have had an adequate remedy in the probate court and that the relief to which she was entitled was not equitable in its character, the circuit court would still have jurisdiction of the case because it has concurrent jurisdiction with the probate court in a case of that character. Sec. 3318, R. S. 1889; Secs. 498, 499, 500 and 3956, R. S. 1909; St. Louis v. Hollrah, 175 Mo. 79. (e) It being conceded that the circuit court had jurisdiction of the cause for the purpose of cancelling the deeds in question, the court thereby had jurisdiction for all purposes and could adjudge the equities of all parties concerned and give to them proper relief. McClure v. Bank, 160 S. W. 1005; Wehr v. Sullivan, 217 Mo. 167; State ex rel. v. Muench, 217 Mo. 124; Powell v. Powell, 217 Mo. 571; Gill v. Safe Co., 156 S. W. 811. (2) The court did not err in holding that this respondent was an innocent incumbrancer and purchaser in good faith, for value without notice. (a) This court, in the absence of the testimony, will presume, as against both appellants, that the testimony justified the findings of the trial court in this respect and that this respondent did everything which the law required of her. Railroad v. Wyatt, 223 Mo. 347; Nall v. Nall, 243 Mo. 254; Patterson v. Insurance Co., 164 Mo. App. 157; Sommer v. Bryson, 168 Mo. App. 335. (b) The rule invoked by the administrator to the effect that respondent should have made inquiry of Mary McMurray, relative to the interest which Mary McMurray claimed in said premises has no application, because the lower court held that both the $2500 deed of trust and the $600 deed of trust were valid deeds and made at the instance and request of Mary McMurray by her duly authorized agents. (c)

A grantor having made a deed purporting to convey all the grantor's interest and then remaining in possession under a secret arrangement, is estopped in any event to invoke such rule. Van Keuren v. Railroad, 38 N. J. L. 165; Bank v. Batty, 30 N. J. Eq. 127; Galford v. Gillett, 55 Ill. App. 576; Sprague v. White, 73 Iowa, 670; Koon v. Trammel, 71 Iowa, 132; May v. Sturdivant, 75 Iowa, 116, 9 Am. St. 463; Dodge v. Davis, 85 Iowa, 77; Crooks v. Jenkins, 124 Iowa, 317, 104 Am. St. 326; McNeil v. Jordan, 28 Kan. 7; Sellars v. Crossan, 52 Kan. 570; Hockman v. Thuma, 68 Kan. 519; Bloomer v. Henderson, 8 Mich. 395, 77 Am. Dec. 453; Kerr v. Kingsbury, 39 Mich. 150, 33 Am. Rep. 362; Abbott v. Gregory, 39 Mich. 68; Hafter v. Strange, 65 Miss. 323, 7 Am. St. 659; Brophy Min. Co. v. Gold & S. Min. Co., 15 Nev. 101; Land & Invest. Co. v. Smith, 7 N. D. 236; Bldg. & L. Assn. v. Dawson, 7 Ohio N. P. 601; Forsha v. Longworth, 1 Ohio C. C. 271, 22 Ohio L. J. 354; Exon v. Dancke, 24 Ore. 110; Smith v. Phillips, 9 Okla. 297; Love v. Breedlove, 75 Tex. 649; Eylar v. Eylar, 60 Tex. 315; Bingham v. Kirkland, 34 N. J. Eq. 229; Railroad v. Oyler, 82 Ind. 394; Humphrey v. Hurd, 29 Mich. 44; Jeffery v. Hursh, 45 Mich. 59; Brigham v. Thompson, 12 Tex. Civ. App. 562; Tuttle v. Churchman, 74 Ind. 311. (d) Especially is the last proposition true where the grantor has, as in this case, made the deed for a fraudulent purpose and for the express purpose of deceiving the general public. Trust Co. v. O'Brien, 32 Ore. 336; Bank v. Batty, 30 N. J. Eq. 127. (e) Such rule could not be invoked in any event by appellant Elbert because she was never in possession and never had any right to the possession of the property. (3) The lien given to appellant Elbert was properly held to be subordinate to the lien of this respondent. (a) This court will presume that the evidence showed such lien to be subordinate and that the decree of the court below was justified. Railroad v. Wyatt, 223 Mo. 347; Nall v. Nall, 243 Mo. 247;

Patterson v. Insurance Co., 164 Mo. App. 157; Sommers v. Bryson, 168 Mo. App. 335. (b) The court did not err in refusing to treat the cross-petition of appellant Elbert as confessed, and even if it did, such question could not be reviewed in the absence of a motion in arrest. Railroad v. Wyatt, 223 Mo. 347; Trust Co. v. Merritt, 158 Mo. App. 656; Zinc Co. v. Assurance Corp., 144 Mo. App. 386. (c) The cross-petition of appellant Elbert was denied by the plaintiff and its allegations thereby put in issue. (d) Appellant Elbert admits she filed no motion for judgment on the pleadings. Having failed to do this and having gone to trial and tried the cause on the theory that the allegations of her cross-petition were in issue, she cannot now raise this question. Benne v. Miller, 149 Mo. 232; McDonnell v. Sav. & Bldg. Assn., 175 Mo. 275; Lapsley v. Bank, 105 Mo. App. 104; Price v. Hallett, 138 Mo. 561; Stevens v. Fitzpatrick, 218 Mo. 721; Atterbury & Nichols v. Hendrix, 127 Mo. App. 47; Henslee v. Cannefox, 49 Mo. 295; Roden v. Helm, 192 Mo. 83; Allen v. Aylor, 111 Mo. App. 257; Brewster v. Improvement Co., 247 Mo. 223; Sharp v. Insurance Co., 164 Mo. App. 475; Murphy v. Wabash, 228 Mo. 56. (e) Appellant Elbert likewise filed no pleading to this respondent's answer and cross-petition. The allegations in such answer and cross-petition are wholly inconsistent with the allegations in appellant Elbert's answer and cross-petition. If one is to be taken as confessed, both must be. (4) Conveyances made with intent to hinder, delay and defraud creditors are null and void as to such creditors only and not as to grantees who have purchased in good faith. Secs. 2881, 2882, R. S. 1909; Bank v. Worthington, 145 Mo. 91; Gordon v. Ritenour, 87 Mo. 61; Reynolds v. Faust, 179 Mo. 21.

ROY, C.—On April 1, 1908, Mary McMurray was the owner and in possession of the west thirty-six and

one half feet of lots 26, 27, 28, 29 and 30 in block 17, Dundee Place, an addition to Kansas City, and on that day executed a deed of trust thereon to Richard W. Hocker to secure a loan of $2500 made by Homer McWilliams to her.

Helen V. Elbert recovered judgments against Mary McMurray before a justice of the peace of Jackson county and filed transcripts thereof in the office of the clerk of the circuit court of Jackson county on the following dates and for the following amounts:

Judgment for $300 dated Oct. 23, 1908, filed Oct. 28, 1908.

Judgment for $300 dated Oct. 23, 1908, filed Oct. 28, 1908.

Judgment for $300 dated Jan. 16, 1909, filed April 23, 1910.

Judgment for $300 dated Feb. 23, 1909, filed April 23, 1910.

Judgment for $300 dated Dec. 16, 1909, filed April 23, 1910.

The liens of those judgments have been duly revived and kept alive.

On October 28, 1908, Mary McMurray executed to Nathan Younger a general warranty deed for the property, which was filed on that day, and Younger executed to James E. Lyons a general warranty deed for the property dated November 30, 1908, and filed for record March 3, 1909. Those two last-mentioned deeds were fraudulent as to the creditors of Mrs. McMurray and were so adjudged by the trial court.

On October 3, 1910, the above-named deed of trust was foreclosed by sale and Ed H. Batson became the purchaser and received the trustee's deed for a recited consideration of $4040. That deed was filed for record October 5, 1910, and on the same day Batson executed a deed of trust to Walter W. Calvin, trustee, to secure a loan of $5200 made by Beulah L. Ketchum. On May 13, 1911, Batson executed to R. T. Herrick, trustee, a

second deed of trust on the land to secure a loan of $600 made by F. E. Colvin. In December, 1911, the note secured by this deed of trust was duly indorsed and assigned to Beulah L. Ketchum.

On September 23, 1911, Mary McMurray was duly adjudged by the probate court to be of unsound mind and incapable of managing her estate, and Sam B. Strother was duly appointed and qualified as her guardian. He commenced this suit as such guardian September 26, 1911, and on March 8, 1912, resigned as such guardian, and H. D. Kissenger was duly appointed and qualified in his place.

On December 18, 1911, the deed of trust for $5200 dated October 5, 1910, was foreclosed and Claude T. Goble became the purchaser as trustee for Beulah L. Ketchum for the consideration of $6228, and received the trustee's deed for the land.

All the above-mentioned deeds were promptly and duly recorded. The third amended petition, filed October 4, 1912, makes all parties connected with the above-mentioned deeds and judgments, and also Katie McMurray, plaintiff's daughter, defendants herein. It alleges that Mary McMurray was insane during all the time in which said instruments were made, and that those instruments were made under a conspiracy between all the defendants except Helen V. Elbert to cheat plaintiff out of her property; and that said instruments were without any consideration, and that defendants then and there knew that plaintiff was of unsound mind.

The petition charges that defendant Katie McMurray had received the rents from the corner building on the property since October 28, 1908, and refused to account therefor. The property is alleged to be worth $15,000. It contains an offer to do equity and to place all parties *in statu quo,* and asks that all the above-mentioned conveyances be cancelled.

The answer of Beulah L. Ketchum admitted the execution of those conveyances and denied the other allegations of the petition. It alleged that she made the above loan of $5200 in good faith, and that at the time this suit was filed she learned for the first time that Batson had held title to the land for Mrs. Mc-Murray, and that it was so held by him to cheat and defraud Mrs. McMurray's creditors.

The answer and cross-petition of Helen V. Elbert alleges the existence of her judgments as above set out and the filing of the transcripts as stated, and then alleges that the conveyances above set out were made with the intention on the part of all the parties thereto to hinder and delay the creditors of Mrs. Mc-Murray, and that said Batson purchased the land at the first foreclosure sale for Mary McMurray and held the title thereunder for Mrs. McMurray. Then follows a prayer that her judgments be declared first liens on the property and that all said conveyances be adjudged void. There was no answer by Beulah L. Ketchum to this cross-petition, but the cause was tried as though there were a denial of its allegations.

On May 7, 1912, James R. Page was appointed receiver to take charge of the property, and he duly qualified as such.

On October 4, 1912, after trial, the court entered its decree in which it found that Mary McMurray was of sound mind at the time of the execution of the deed of trust of April 1, 1908, and at the time of its foreclosure, and also at the times of the execution of the two deeds of trust by Batson. It also found that Batson purchased at the first foreclosure and held the title for Mrs. McMurray, and that the two deeds of trust executed by Batson were executed at Mrs. McMurray's request and for full value which was received by her.

The decree found that the amount furnished by Beulah L. Ketchum in making the loan of $5200, and

in purchasing the $600 note of Calvin and in paying taxes and making repairs, amounted to $6817, and adjudged that amount as a first lien on the property in favor of Ketchum and adjudged that Helen V. Elbert has a second lien on the property, subordinate to the lien of Ketchum, for $1881, the amount of her judgment. The decree then found that at the time of the foreclosure sale under which Goble purchased as trustee for Ketchum, Mrs. McMurray was of unsound mind and incapable of protecting her interest. The decree then annulled that foreclosure sale and the trustee's deed to Goble, and also annulled the warranty deed from Mrs. McMurray to Younger, and the warranty deed from Younger to Lyons. The decree then proceeded as follows:

"It is further ordered, adjudged and decreed by the court that said Mary McMurray be and she is hereby granted a period of five months, from and after this date, in which to redeem such property from such liens, during which period of time, H. D. Kissenger, the guardian of the person and estate of said Mary McMurray, a person of unsound mind, may sell such real estate, and apply the proceeds of such sale first in satisfaction of such lien in favor of said Beulah L. Ketchum, next in satisfaction of such lien in favor of the said Helen V. Elbert and the residue shall be retained by the said H. D. Kissenger, as the guardian of said Mary McMurray, provided that no such sale shall be made except by approval of this court and no such sale shall be made for an amount less than the amount necessary to satisfy in full the lien herein given to said Beulah L. Ketchum.

"It is further ordered, adjudged and decreed by the court, that said H. D. Kissenger, be and he is hereby appointed special commissioner, and is hereby authorized and directed to sell such property, at public sale, after due notice as required by law, after such period of five months, from this date, if such prop-

·erty shall not have been previously sold or redeemed, to the highest bidder for cash, but the said H. D. Kissenger shall, in such event, be required to execute a good and sufficient bond, in the sum of $10,000, conditioned as required by law, to be approved by this court, and to distribute the proceeds thereof as hereinbefore directed.''

On October 30, 1912, on application of the receiver, he was by order of the court empowered to borrow money to pay taxes on the property.

On October 31, 1912, Mary McMurray and Helen V. Elbert filed their motion to discharge the receiver. On November 6, that motion was overruled; and thereupon Mrs. McMurray and Helen V. Elbert were each allowed an appeal herein. No bill of exceptions was ever filed. After the appeal, the plaintiff died, and the cause has been revived in the name of Albert E. Martin, her administrator with the will annexed, and he has entered his appearance herein.

I. The fact that there is no bill of exceptions leaves nearly all the points relied on for reversal be-

**Appeal: No Bill of Exceptions.** yond our reach. Whether Ketchum and Calvin had notice of the fact that Batson held the title to the land for Mrs. McMurray in order to defraud her creditors, was a question of fact on the evidence; and the ·evidence is not before us. Appellants say that the pleadings show that Mrs. McMurray remained in possession of the property, and that such possession by the grantor is

**Fraudulent Conveyance: Retaining Possession.** a badge of fraud. It may be conceded that possession by a debtor after an absolute conveyance by him is a badge of fraud; but such is not ordinarily the case where the debtor puts a deed of trust on his land. Possession is generally retained by the mortgagor as a matter of course. Even if it be conceded that possession by Mrs. McMurray was a fact to be considered in determining whether

Ketchum and Calvin knew that Batson held the title. for Mrs. McMurray, still that was only one fact to be considered in connection with all the evidence in the case, and we will not consider that fact alone.

II. The administrator appellant contends that the trial court should have declared the deed of trust of April 1, 1908, and the deed made under the foreclosure thereof, and the two deeds of trust made by Batson void, and should have turned defendant Beulah L. Ketchum out of court without relief, on the ground that her remedy was in the probate court. Mrs. McMurray brought this suit for equitable relief, and her representative boldly asserts that the court should furnish such relief, and send Mrs. Ketchum elsewhere for such relief as may be coming to her. Courts of equity decline to do a thing like that. "He who seeks equity must do equity." He must do that equity at the time he gets his relief, and the doing of what is right is always made a condition of the relief granted to him. [Ruppel v. Mo. Guar. S. & B. Assn., 158 Mo. 1. c. 623; Hanson v. Neal, 215 Mo. 1. c. 273.]

*Complete Relief in Equity.*

Beulah L. Ketchum's claim is against the property and not personally against Mrs. McMurray. Batson borrowed the money and gave his notes therefor secured by deeds of trust on the land. Ketchum could not get relief in the probate court, and even if she could, she shall not be driven that long route to get what is due her in this proceeding.

Appellant Elbert makes the point that her cross-petition alleged that the instruments under which Ketchum claims were fraudulent and void as to her, she being a creditor, and that Ketchum filed no answer to that cross-petition, and that the allegation must be taken as confessed. The case was tried as though a denial of those allegations was filed by Ketchum. In such case we are required

*Appeal: Theory in Trial Court.*

to treat the case as if a denial had been filed. [Benne v. Miller, 149 Mo. l. c. 231; Roden v. Helm, 192 Mo. 71; Brewster v. Land & Imp. Co., 247 Mo. 223.]

III. Appellant Elbert says that Ketchum was bound to take notice of the filing of her judgment liens which preceded the making of the two deeds of trust by Batson. The latter held title under the deed of trust of April 1, 1908, which on the record antedated those judgments. The title under the two Batson deeds of trust related back to the execution of the deed of trust of April 1, 1908, and was superior to the judgment liens. Of course if it were shown that Ketchum had notice that Batson purchased at the first foreclosure for Mrs. McMurray, that fact would let in the judgments as liens superior to the deed of trust for $5200, but there is no showing of such notice. There is no showing that Calvin had such notice when he made the $600 loan.

*Priority of Liens: Mortgages: Judgments.*

IV. The fact that Ketchum, at the time she purchased the note of $600 from Calvin, knew that the maker thereof, Batson, held the land for Mrs. McMurray to defraud her creditors, does not defeat Ketchum's right to a lien for the amount of that note. The note was good in the hands of Calvin, because he took it without notice. Such being the case, a purchaser from him, even though such purchaser have notice of the fraud, is protected. [Funkhouser v. Lay, 78 Mo. 458; Finley v. Babb, 173 Mo. l. c. 267.] It is even asserted by counsel for Elbert that the foreclosure under which Ketchum purchased was made after this suit was brought and that Ketchum then knew that Batson had held the property for Mrs. McMurray. Ketchum made the loan in good faith,

*Purchase with Notice from Innocent Holder.*

*Fraud. Notice:*

and the subsequent discovery of the fraud by her did not in any respect diminish her rights. As the note and deed of trust were good, she had the right to fore-close and purchase the property under such fore-closure, even though in the meantime she had learned that Batson held the land for Mrs. McMurray.

V. Appellants allege error by the trial court in re-fusing to discharge the receiver and in appointing a special commissioner to make sale of the property. As the motions and evidence upon which the trial court acted are not before us, we will not proceed blindly to correct alleged errors concerning which we know nothing.

The decree of the circuit court is affirmed. *Williams, .C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.