THE STATE ex rel. J. W. COMBS, Appellant, v. JASPER N. STATEN et al., Judges of the County Court of Vernon County.

**Division One, June 2, 1916.**

1. **APPEAL: When Bill of Exceptions Necessary: Certiorari.** Where a writ of *certiorari* was issued to the judges of the county court, having for its purpose the quashing of the order of that court establishing a public road, and by agreement the entire records and rolls of the proceedings in said road case before the county court "are to be considered a part of the respondents' return," a bill of exceptions, setting forth such records and other documentary evidence and any oral evidence heard and considered by the circuit court, is necessary on an appeal from its judgment; and if no such bill is presented to the Supreme Court, nothing but the record proper, which would be the petition for the writ, the return, the motion to quash the return and the judgment, can be considered.

2. **PUBLIC ROAD: Interest of Relator.** If the relator in the writ of *certiorari* fails on the face of his petition to reveal that he has any interest in the subject-matter of the proceedings before the county court which resulted in an order establishing a public road, the action of the circuit court in dismissing the writ will be approved on appeal, because relator was not entitled to the writ.

3. ————: **Certiorari: Remedy by Appeal.** An interested land owner, objecting to the order of the county court establishing a public road, has ample remedy by appeal to the circuit court, as to damages, as to insufficient notices, as to the commissioners being disinterested freeholders and as to a hearing of a remonstrance, and therefore, since the trial in the circuit court is *de novo*, a writ of *certiorari* to quash the order establishing the road should be denied.

4. ————: ————: **Judgment: Validating Precedent Matters** If the final judgment of the county court establishing a public road affirmatively covers all the jurisdictional facts, it validates any portion of the record which is silent as to the petition and remonstrance.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*J. B. Journey* for appellant.

(1) The matter of establishing a public road is in the nature of condemnation proceedings, strictly a statutory proceeding, and contrary to the course of the common law. The statute must be strictly complied with. Sec. 10435, R. S. 1909; Spurgeon v. Bartlett, 56 Mo. App. 355; Anderson v. Pemberton, 89 Mo. 601; Railroad v. Kellogg, 54 Mo. 334; Jefferson County v. Cowan, 54 Mo. 234; Whitelet v. Platt County, 73 Mo. 30; Bennett v. Hall, 184 Mo. 407. Not one of the jurisdictional steps were taken by the court in this cause. Spurgeon v. Bartlett, 56 Mo. App. 355; Jones v. Zinc, 65 Mo. App. 409; Railroad v. Young, 96 Mo. 39; Strawhan v. County Court, 65 Mo. App. 644; Fisher v. Davis, 27 Mo. App. 321; Zimmerman v. Snowden, 88 Mo. 218; Taylor v. Todd, 48 Mo. App. 550. Each jurisdictional step must be taken before proceeding to the next step, and this must be done before jurisdiction can be acquired in the next step. Spurgeon v. Bartlett, 56 Mo. App. 355; Jones v. Zinc, 65 Mo. App. 409; Railroad v. Young, 96 Mo. 39. (2) There must be some connecting link when a cause is commenced on a certain day and continued from day to day and term to term. If a cause is revived at a day subsequent, or a term subsequent to the one at which it is commenced, there must be some notice to the adverse party of any intended action therein. (3) Unless a special called term is regularly and properly called, and the statutes complied with, the proceedings had at such term must necessarily be *coram non judice*. And especially is this true when such acts or proceedings are attacked in a direct manner, such as by writ of *certiorari*.

*Scott & Bowker* for respondent.

(1) The relator is not in a position to maintain this writ for the reason that it appears from the rec-

ord in this case that he has no interest in the same and is not injured or damaged by any of the proceedings of the county court in said matter. Blodgett v. McVay, 108 N. W. 239; People v. Leavitt, 41 Mich. 470. (2) The writ of *certiorari* will not lie where there is a remedy by appeal. In this case all the matters complained of could have been reached by an appeal if there was any error. State ex rel. v. Nodaway County, 80 Mo. 500; State ex rel. v. Reynolds, 190 Mo. 578; Moore v. Bailey, 8 Mo. App. 156. (3) The proceedings of the county court in this case substantially comply with the statute and that is sufficient. Connors v. St. Joseph, 237 Mo. 612; Bennett v. Hall, 184 Mo. 407; Wilhite v. Wolfe, 179 Mo. 472. (4) The filing of the statutory petition and the giving of the proper notice give the county court jurisdiction of a road case and what happens after that is mere matter of error and can be corrected on appeal. Wilhite v. Wolfe, 179 Mo. 472; Bennett v. Hall, 184 Mo. 407; Chandler v. Reading, 129 Mo. App. 63. (5) If the court recites and finds the jurisdictional facts in its final judgment, this is sufficient. Chandler v. Reading, 129 Mo. App. 63; Wilhite v. Wolfe, 179 Mo. 472; Bennett v. Hall, 184 Mo. 407. (6) The county court had jurisdiction to act and enter final judgment at the time it did act at its special term on this road matter. State ex rel. v. Mitchell, 127 Mo. App. 455; R. S. 1909, sec. 4088.

RAILEY, C.—On October 7, 1912, a petition for a writ of *certiorari* was filed in the circuit court of Vernon County, Missouri, which, without caption and the description of the proposed road, reads as follows:

"The relator herein, J. W. Combs, complains of the respondents, Jasper N. Staten, W. S. Creel and Jas. H. Caton, and for cause of action states that the respondents do now and did at all times hereinafter complained of, compose the county court of

Vernon County, State of Missouri; and that on the —— day of October, 1911, it being the regular October term of the county court of said county and State aforesaid, there was commenced before said justices and in said county court a proceeding for the purpose of establishing a new public road in Harrison Township, Vernon County, Missouri, known as the Alva Ripley et al. public road, described as follows, to-wit:''

(Here follows the description of the proposed road.)

''The relator further avers that said respondents have taken cognizance of and are proceeding to act in said matter thus brought before them, and are about to order said new public road opened, and are about to condemn and take from this relator a tract of land forty feet in width and one-half mile long, through relator's land, described as aforesaid.

''Relator further avers that said respondents are therein acting without authority of law and without jurisdiction in the premises, for the reasons, first, that the notices of the intended application for said road were posted by the petitioners and made returnable at the July term, 1911, of said county court, but that proof of said notices was not made until the following October term, 1911, of said court. And that said petition for said new public road was not filed as indicated by said notices, nor was the same acted upon by said county court until the regular October term, 1911, and that then said county court proceeded to order said road surveyed by the county highway engineer without first having given the remonstrators an opportunity to be heard thereon, nor was any evidence heard by said court as to the public necessity, practicability and probable damages to the owners of the land through which said proposed road would run, nor did they find and enter as a matter of record that said proposed road was a public neces-

sity, or the practicability thereof, or that due notice of the intended application for said road was ever given, but proceeded át once to order the county highway engineer to view, survey and to mark out said proposed public road; and then proceeded at once upon the report of said highway engineer to appoint three commissioners to assess the damages along said public road to the landowners without having determined as a matter of record that said commissioners so appointed by them aforesaid were qualified under the law to act as such commissioners, in this, that they failed to find that they were disinterested freeholders of said county.

"Relator further avers that said proceedings of the respondents are altogether outside of the course of the common law, and likewise outside of any statutory or judicial proceedings, and that no writ of error or appeal lies to such proceedings from this or any other court to this relator.

"Wherefore the relator prays this court to issue a writ of *certiorari,* directed to the respondents in their official capacity as aforesaid, requiring them and each of them to certify to this court a true, full and complete copy of the petition, remonstrance, record and all other acts and proceedings in said matter, and have said copy returned to this court on or before the —— day of —— 1912, in order that this court may adjudicate upon the legality of said proceedings, and may make such other and further adjudication and orders therein as right and justice may require."

A writ of *certiorari* was issued in due form and served on defendants as the justices of said county court.

On October 7, 1912, respondents filed their return, which, without caption, reads as follows:

"Comes now the defendants in the above entitled cause and for return to writ of *certiorari* issued

against them, deny each and every allegation therein contained. Defendants state that all the proceedings concerning the road referred to in plaintiff's petition and writ were conducted according to law, and in pursuance with the statutes in such case made and provided.

"Defendants for further return to said writ, hereby tender to the court the entire files and records of the county court in said road proceedings."

On October 16, 1912, relator filed a motion to quash the proceedings of the county court aforesaid, in respect to the establishing and opening of said road. Said motion, without caption, reads as follows:

"Now at this day comes the relator herein and moves the court to quash the proceedings of the county court in establishing and opening what is known as the Alva Ripley et al. public road, for the following reasons, to-wit:

"1. The petition for said public road was not filed with said county court within the time prescribed by the notices for said public road.

"2. The county court failed to take proof, or find that notices of the intended application for said public road, were posted according to law.

"3. The county court failed to find that said public road petition was signed by twelve or more freeholders residing in the township where said proposed public road was to be established, three of whom resided in the immediate neighborhood of said proposed road.

"4. The said county court failed to take testimony, and failed to find that said proposed public road was a public necessity, the practicability and probable damages to the landowners through whose land said proposed public road would pass.

"5. The county court failed to appoint three disinterested freeholders to assess the damages to the landowners as provided by law.

"6. The county court failed to obtain jurisdiction in said road proceedings for other reasons appearing on the face of the record of the county court in said road proceedings."

The circuit court entered its decree in this cause, which, without caption, reads as follows:

"And on this 16th day of October, it being the 9th day of the regular October term, said cause coming on for hearing upon respondents' return and relator's motion to quash the proceedings of the county court as shown by said return, and the court after an inspection of said return, and after hearing the evidence and argument of counsel, enters the following judgment in said cause, to-wit:

"Now on this day, the above entitled cause coming on for hearing upon the petition, writ, and return of respondents herein, the court having fully considered the return and the writ issued in this cause, together with the records and files of the county court of said road proceedings, made a part of said return, the court after duly considering the same and hearing the argument of the counsel, finds the issues joined in favor of the respondents; that said road proceedings described in the writ to the county court of Vernon County, Missouri, were regular and according to law, and that the relator is not entitled to the relief prayed for.

"It is therefore ordered, adjudged and decreed by the court that said writ be and hereby is dismissed at the cost of the relator, and that respondents have and recover their costs, and that execution issue therefor."

On October 18, 1912, relator filed his motion for a new trial for the following reasons:

"1. That said finding and judgment are against the evidence, against the weight of the evidence, and against the law under the evidence.

"2. That said finding and judgment is for the wrong party."

The above motion was overruled; the cause appealed to the Kansas City Court of Appeals; and relator given leave to file his bill of exceptions on or before the first day of the next regular term of said circuit court. No bill of exceptions was ever filed in the cause, although the judgment of the court below recites that *evidence* was heard at the trial.

I. The circuit court had before it the record entries of the county court and also the documentary evidence produced before said court. None of the oral testimony heard by the county court was certified to the circuit court to be considered with the documentary evidence filed by respondents. We know of no provision of law which authorizes a bill of exceptions to be filed in the county court containing the oral and documentary evidence introduced before said court, in order that it may be made a part of the record thereof. Appellant's abstract contains the following:

Bill of Exceptions: When Necessary.

"And by agreement of the parties hereto, the entire records and rolls of the proceedings of said road case before the county court of Vernon County, Missouri, are to be considered a part of the respondents' return."

In order to consider this agreement and the testimony heard by the court, on the motion to quash, a part of the record in the cause, it was necessary that they should have been incorporated in a bill of exceptions. We hold, that the certified copies of the county court records, as well as the documentary evidence accompanying same, and all other evidence considered at the trial, should be incorporated in a bill of exceptions, in order to become a part of the record in the case. Without a bill of exceptions, we can only

consider the record proper, which in this case, would be the *petition*; the *return* of respondents; the *motion to quash* filed by appellant and the *judgment* of the trial court. [Bradbury v. Smith, 181 S. W. (Mo.) l. c. 422; Stevenson v. Smith, 177 S. W. (Mo.) l. c. 615; McMurray v. McMurray, 258 Mo. 405, 415; Mitchell v. Sparlin, 255 Mo. 124; Hanne v. Garvey, 255 Mo. 106; Mahaffey v. Cemetery Assn., 253 Mo. l. c. 141-2; Bridge Co. v. Corrigan, 251 Mo. 667; Craig v. Railroad, 248 Mo. 270; Harding v. Bedoll, 202 Mo. 625.]

As no bill of exceptions was filed in the case, we will turn to the *record proper* as heretofore indicated, in order to determine whether the trial court can be convicted of error therefrom.

II. Referring to the record proper and considering the petition, answer, motion to quash and the judgment below, we find nothing which

On Record Proper.

would warrant us in disturbing the finding and judgment of the trial court in this cause.

III. There is nothing in the petition or the record which indicates that relator has any *interest* in the subject-matter of this litigation, nor does it appear

Interest of Relator.

*why* he waited until more than *seven months* after the road had been ordered opened by the county court, before commencing this action, even if he *were* interested in said proceeding. Having failed to disclose on the face of his petition that he has any interest in the subject-matter of the proceedings before the county court, relator was not entitled to the writ issued by the trial court, and hence, its action in dismissing same was proper under the law. [Davison v. Otis, 24 Mich. l. c. 25; People v. Leavitt, 41 Mich. 470; Blodgett v. McVey, 131 Iowa, 552; Colden v. Botts, 12 Wend. 234.]

IV. If relator had any interest in the subject-matter of this controversy, and desired to have the proceedings before the county court re-

**Remedy by Appeal.** viewed, he had an adequate remedy by appeal. Section 10440, Revised Statutes 1909, reads as follows:

"Appeals to the circuit court shall be allowed by either party from the judgment of the county court assessing damages, or for opening, changing or vacating any road, and upon such appeal the circuit court shall proceed to hear and determine the same anew; but no commissioner shall be appointed by the circuit court, nor shall any appeal, prior to the determination thereof in the circuit court, operate as a *supersedeas* of the proceedings of the county court; and provided further, that all appeals shall be taken within ten days from the date of rendition of the judgment appealed from, and the appellant shall, before such appeal is allowed, file with the clerk of the county court his appeal bond, payable to the county and to the appellee, as their interest may appear, in such sum as may be required by the county court or by the clerk thereof in vacation, and conditioned that he or they (the appellants) will fully pay or satisfy any judgment for damages or costs that may be rendered against them in the circuit court, and will in all things abide the judgment of said court."

We have heretofore held in plain, unmistakable language, that where a party has an adequate remedy by appeal, he cannot resort to *certiorari* proceedings in cases of this character. [State ex rel. v. Goodrich, 257 Mo. 40, 50; State ex rel. v. Mosman, 231 Mo. l. c. 482-3; State ex rel. v. Reynolds, 190 Mo. 578; State ex rel. v. Woodson, 161 Mo. 444; State ex rel. v. Shelton, 154 Mo. l. c. 691; State ex rel. v. Nodaway County Court, 80 Mo. 500.]

The Legislature in 1909 (Laws 1909, p. 727) repealed a large portion of the law as it then stood relating to roads and bridges, and enacted new provisions in lieu thereof. Section 9419, Revised Statutes 1899, was very materially changed by the above legislation, as will appear upon a comparison of section 10440, Revised Statutes 1909, with said section. It is evident that the lawmaking power contemplated in the above change that proceedings to open roads should be *facilitated* rather than *retarded*. This case presents a practical illustration of the necessity for refusing a writ of *certiorari* on the record disclosed herein.

The relator has shown no interest in the subject-matter of this litigation; waited until more than seven months after the road had been ordered opened, before applying for the writ; and incurs no liability, except for costs. If he had been successful here and the proceedings of the county court had been quashed, all the efforts of the community interested in this matter would have come to naught. On the other hand, if relator, under the facts disclosed by the record, had been required to test the validity of the county court proceedings by appeal, he would have been required to perfect his appeal within *ten days* from the date of final judgment in said proceeding. He would likewise have been required to give a bond, etc.

In addition, however, to the foregoing, in order that there may be no unnecessary delay in cases of appeal, it is provided that the circuit court shall proceed to hear and determine the case *anew*. In proceedings by appeal the errors, if any, committed by the county court, may be corrected when the case reaches the circuit court, where it will be tried anew. On the other hand, if the proceedings by *certiorari* show want of jurisdiction upon the part of the county

court, it would nullify all the proceedings before such court.

We therefore hold, that on the facts disclosed by this record, the writ of *certiorari* was improperly issued and properly dismissed by the trial court.

V. It may be contended that the petition, remonstrance and final judgment of the county court ordering the road opened, constituted the record *proper* of said court; and that this part of the pro-

Record Proper of County Court.

ceedings should be considered as a part of the respondents' return, without any reference to the other documents and proceedings certified to the circuit court. Without undertaking to *determine* this question, on account of the conclusions heretofore reached, as it is not necessary to do so, we would *suggest* that the *final judgment* rendered by the *county court* covers all the jurisdictional facts affirmatively, and validates any portion of the record which is silent as to such matters.

In the very able and exhaustive opinion of Judge Sturgis of the Springfield Court of Appeals, in State ex rel. v. Ross, 177 Mo. App. l. c. 230, it is said:

"It has also been ruled that it is sufficient in *certiorari* proceedings that the jurisdiction of the inferior tribunal, with which alone the review court has to deal, appears by any part of the record. [State v. Schneider, 47 Mo. App. 669, 676; State ex rel. v. Mayor of Neosho, 57 Mo. App. 192, 198.]"

Upon a full consideration of all the matters before us, we have reached the conclusion that the judgment below was for the right parties, and it is accordingly affirmed.

*Brown, C.,* concurs in result.

PER CURIAM.—The foregoing opinion of Railey, C., is adopted as the opinion of the court. All the judges concur, *Blair, J.,* in the result.