**STATE of Missouri, Respondent,**

v.

**Everett Lee LUTHER, Appellant.**

No. 47951.

Supreme Court of Missouri,

Division No. 1.

Oct. 10, 1960.

William O. Welman, Kennett, for appellant.

John M. Dalton, Atty. Gen., Julian L. O'Malley, Asst. Atty. Gen., for respondent.

WESTHUES, Presiding Judge.

On August 31, 1959, the defendant Everett Lee Luther was convicted in the Circuit Court of Dunklin County, Missouri, of stealing from the person of Eugene Honeycutt the sum of $6. By a jury verdict, his punishment was assessed at two years' imprisonment in the State Penitentiary. A motion for new trial was overruled and the defendant sentenced in accord-

ance with the verdict. An appeal was taken to this court.

Luther was represented by counsel in the trial of the case. No brief was filed in this court for the defendant. In the motion for new trial, it is stated that the information is insufficient to charge any offense under the laws of this state. The other points mentioned in the motion pertain to the sufficiency of the evidence to support the charge stated in the information.

■ The information charged Luther with the crime of robbery under Sec. 560.120, V.A.M.S. The information in this case is worded similarly to the information approved in the case of State v. Hood, Mo., 313 S.W.2d 661, loc. cit. 663(2, 3). It follows the wording of the statute and is sufficient.

■ The crime of stealing from the person is included within an information under Sec. 560.120, supra. State v. Parker, Mo., 324 S.W.2d 717, loc. cit. 721, 722(3, 4).

The punishment for the crime of stealing from the person is set forth in Sec. 560.161, V.A.M.S., 1959 Cumulative Annual Pocket Part, p. 26. This section provides that the punishment shall be "by imprisonment in the penitentiary for not more than ten years nor less than two years, or by imprisonment in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment."

■ The verdict of the jury reads: "We, the jury, find the defendant guilty of stealing from the person, as embraced within the charge in the information, and assess his punishment at two years imprisonment in the state penitentiary.

"/s/ W. F. Shelton III
Foreman"

Such a verdict was authorized by an instruction which was properly given by the trial court. State v. Parker, supra.

A statement of the facts is necessary to dispose of the other points preserved for review. Those facts are substantially as follows: About midnight of April 4 or in the early hours of April 5, 1959, Raymond Scott, the sheriff of Dunklin County, and State Trooper Wayne C. Brooks were parked in a car on a side road facing Highway 108 in Dunklin County, Missouri, about a mile north of the Arkansas border. A tavern was located about 300 feet south of where the officers were parked. While thus parked, the officers, as they testified, saw a girl leave the tavern and walk north; then a man came from the tavern and overtook the girl; shortly another man also left the tavern and joined the two. After there had been some conversation among the three, a third man left the tavern and walked north on the roadway. When this man reached the point where the three were, the following occurred, as testified to by the sheriff and as corroborated by the evidence of the State Trooper: "So, while they were standing there, about this time a third man walked up, and just as he got even with them the two men that were already there with the girl grabbed him, and about the time they grabbed him one of them said, 'Give me your money.' And they wrestled on down toward the ditch right on the shoulder of the road, and then another one said, 'Where's that goddamn pocketbook?' And about that time there was a car approaching from the north and it was beginning to light up the scene there, and I observed this girl, when they grabbed this man, she walked on about four or five stops on north from where they were standing, and then they wrestled on down in the ditch and this light shined on them then, and I knew Junior Bell, and I recognized him, but I did not recognize the other two men at that time. And Bell was standing in front of the man whom I later learned to be Honeycutt, and Luther was standing on the right side, he was on the north side, it would be on the left side of the man, and I observed—they were holding him, and Bell, I saw his hand go be-

tween the man who I later learned to be 'Pete' Luther, and reach in the back pocket of Honeycutt and take his billfold out. At about that time, no sooner had he taken the billfold out, Betty Hawkins ran back right up in the middle of them, and she wasn't there just a *a* second until she turned around and ran back on the highway, and when she did this Bell ran out there and grabbed her and threw her down on the highway, and at that time Trooper Brooks turned the light on them and we got out and arrested them."

The four people, after the arrest, were identified as Betty Hawkins, James O. Bell, Jr., the defendant Everett Lee Luther, and Eugene Honeycutt. After the arrest, the officers commanded Bell to empty his pockets and place the contents on top of the officers' car. It was found that Bell had Honeycutt's wallet in his pocket. It contained six dollars, Honeycutt's driver's license, and other articles.

The defense presented to the jury by the defendant's evidence, as well as that of Bell, was that while in the tavern, Bell had spent all of his money; that he then asked Honeycutt to buy some whisky; that he matched pennies with Honeycutt to decide who was to pay for the whisky and Honeycutt lost; that the scuffle on the roadway was for the purpose of getting Honeycutt to buy whisky and when he refused, Bell took the wallet. Bell testified that the defendant Luther did not take part in the affair.

It is apparent that the question of whether Luther was a party to the taking of the money was a jury question. Honeycutt, in a deposition, had testified that he had not been in fear of his life or of bodily harm but that the money was taken by force and against his will. The jury evidently believed this and therefore found the defendant guilty of the lesser crime, that is, stealing from the person.

We refer briefly to a number of specific points mentioned in the motion for

new trial with reference to the evidence. It is said that the evidence did not show any knowledge on part of the defendant that Bell intended to take Honeycutt's money. The evidence was that someone, whether Bell or the defendant, demanded that Honeycutt give up the money. This was before Bell took the wallet and the defendant was then holding Honeycutt and continued to hold him until Bell obtained the money. The evidence was sufficient to justify the conclusion that the two acted together in the commission of the crime. Another point made is that the property taken was unidentified. There is no merit to this contention. Honeycutt testified that he had six dollars in the wallet. When Bell gave up the wallet, it contained six dollars. That was a sufficient identification.

The record is free of prejudicial error and the judgment of conviction is hereby affirmed.

All concur.