**STATE of Missouri, Respondent,**

v.

**Charles M. REED, Appellant.**

**No. 52357.**

Supreme Court of Missouri,
Division No. 2.

March 13, 1967.

No attorney for appellant.

Norman H. Anderson, Atty. Gen., Jerome Wallach, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

In the presence of his counsel defendant entered a plea of guilty to the charge of robbery in the first degree, and was sentenced to imprisonment for a term of twelve years. He has appealed from the order of the trial court denying, without an evidentiary hearing, his motion filed pursuant to Criminal Rule 27.26, V.A.M.R.

In his motion defendant asserts that the information by which he was charged was fatally defective in that it "fails to allege a single act committed by [him] which would constitute force or violence or show cause for fear of any immediate injury to any alleged robbery victim," and also that "No fact whatsoever is alleged to support the allegation of fear of immediate injury to some person—an essential element constituting first degree robbery."

The information charged that on August 27, 1963, the defendant did "feloniously and wilfully, rob, steal, take and carry away One Hundred ($100.00) Dollars, lawful money of the United States, the property of Kathryn Neubauer and Lelia G. Allen, by then and there putting the said Kathryn Neubauer in fear of an immediate injury to her person, * * *." Section 560.120, RSMo 1959, V.A.M.S., defines robbery in the first degree, and provides that it may be committed by taking the property of another from his person, or in his presence, and against his will, "by violence to his person, or by putting him in fear of some immediate injury to

his person." One crime, that of robbery in the first degree, is defined but the statute provides that the crime may be committed by either of two ways, or by both. State v. Burns, Mo., 280 S.W.2d 119. In this case the information did not purport to charge the offense of robbery in the first degree by violence to the person of the victim; it charged only that the robbery was committed by putting the victim in fear of an immediate injury to her person. It is true, as defendant contends, that the information does not allege the acts of defendant which resulted in the victim being placed in fear, but it was not necessary that it do so. In numerous cases not pertaining to this specific contention, it has repeatedly been held that it is sufficient to charge the offense of robbery in the first degree in the language of the statute. State v. Luther, Mo., 338 S.W.2d 846; State v. Romprey, Mo., 339 S.W.2d 746; State v. Moore, Mo., 347 S.W.2d 195. Here the wording of the information followed the language of Section 560.120. In State v. Moore, 203 Mo. 624, 102 S.W. 537, 538, we find this: "Finally, it is insisted that the information is bad, in that it fails to inform the defendant of the nature of the instrument or the means by which he put the prosecuting witness in fear of immediate injury to his person. As to this neither the common law nor our statute requires the grand jury or the prosecuting attorney to set out the means by which the victim of a robbery is put into fear." We find this contention of defendant to be without merit.

Defendant asserts that there was "no finding of first degree robbery," and therefore the sentence of twelve years is in excess of that authorized by Section 560.135, RSMo 1959, V.A.M.S., for the offense of either second or third degree robbery.

The sentence and judgment as it appears of record consists of four paragraphs. The first recites the presence of the prosecuting· attorney and of defendant and his counsel. The second recites that defendant voluntarily withdrew his plea of not guilty and entered "a plea of guilty to the charge of Robbery contained in the information filed herein, the nature of said charge and the range of punishment therefor having been fully explained" to him. There then follows a statement of allocution. In the third paragraph it is stated that the trial court fixed the punishment at imprisonment for a term of twelve years. In the last paragraph, which starts with the usual word "Wherefore," it is "ordered, adjudged and decreed that the said defendant shall be confined in the custody of the Department of Corrections of the State of Missouri * * * for a period of twelve (12) years * * *."

While the judgment did not use the words "robbery in the first degree," it did recite that defendant entered a plea of guilty "to the charge of Robbery contained in the information," and the charge therein contained was robbery in the first degree. It may be, but this is not clear, that defendant contends that only that part following the word "Wherefore" constitutes the judgment, but if so, there is no merit to the contention. The judgment includes the four paragraphs above referred to. The record affirmatively shows that defendant was charged with first degree robbery, that he voluntarily entered a plea of guilty to first degree robbery, and that the sentence imposed was within the limits authorized.

The trial court correctly denied defendant's motion without an evidentiary hearing.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.